## No. 4795.

### STEPHEN C. STERLING *v.* PARISH OF WEST FELICIANA.

It has been frequently determined that police jurors are political corporations whose powers are specially defined by the Legislature, and that they can legally exercise no other powers than those delegated to them.

For all purposes for which they are by law authorized to create debts, they are authorized to levy and collect a tax for paying the same. But, without a special ʀrant of power by the Legislature for that purpose, they clearly have no authority to issue and put in circulation instruments of any kind.

No special statute is shown in this case conferring upon the parish of West Feliciana the authority to issue the negotiable notes or warrants upon which the plaintiff sues.

The position that the warrants or negotiable instruments of indebtedness which are the objects of this suit, were issued to defray the necessary expenses of the parish is not tenable. The police jury was not authorized to do it in any other way than by levying and collecting a tax for that purpose. Said negotiable instruments are null and void.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Hewes, J. Kennard, Howe & Prentiss* and *Samuel J. Powell,* for plaintiff and appellee. *W. W. Leake* and *Race, Foster & Merrick,* for defendant and appellant.

TALIAFERRO, J. The plaintiff sues for $3571 42 with interest. He founds this demand upon sundry obligations termed warrants issued to various persons under the authority of the police jury of the parish, drawn in favor of the payees or their order, and which the plaintiff alleges he holds as owner under the regular assignment and endorsement of the payees in due course of commercial business and for a valuable consideration. The instruments sued upon are in the following form:

" $20. West Feliciana, Louisiana, May 8, 1869. Warrant No. 114. The Treasurer of the parish of West Feliciana will pay to E. L. Weber

or order twenty dollars.    J. D. Smith, E. D. Remondet, parish auditor. Endorsed J. S. Wooster, treasurer.    E. L. Weber.    May 12, 1869.

These notes or warrants, of which the plaintiff sets himself out as holder, appear to have been duly protested for non-payment.

The answer is that there were no funds in the parish treasury when these warrants were issued, and that there have been none since; that the warrants were illegally issued as bills of credit or money. The authority of the police jury or of its officers to issue the warrants is denied, and defendant alleges that no provision for their payment has been made as required by law.    Prescription of five years is pleaded.    The plaintiff had judgment for the sum claimed with interest, and defendant has appealed.

It has been frequently determined that police juries are political corporations whose powers are specially defined by the Legislature, and that they can legally exercise no other powers than those delegated to them.    They are specially required by statute when, within the scope of their legitimate powers, they create a debt against the parish, to provide in the same act the means of paying it.    For all purposes for which they are by law authorized to create debts they are authorized to levy and collect a tax for paying them.    But without a special grant of power by the Legislature for that purpose, they clearly have no authority to issue and put in circulation negotiable instruments of any kind.    No special statute is shown in this case conferring upon the parish of West Feliciana the authority to issue the negotiable notes or warrants upon which the plaintiff sues in this case.    It is contended that, as these instruments were issued for the purpose of paying the necessary expenses of the parish, such as fees to the sheriff, to the jailor for maintenance of prisoners, to the district attorney of the district for services rendered in the parish, to the coroner of the parish, to a certain party for building a bridge, etc., they were therefore properly issued for a legitimate purpose, that of defraying the necessary expenses of the parish—that a distinction exists between this case and others where police juries have put in circulation notes or bonds for the purpose of raising money on them.    The answer to this reasoning seems plain : that the police jury is vested with power to levy and collect a tax to defray all the necessary expenses of the parish, and that they are not authorized to do it in any other way.    And it would seem from the very case before us that " to this complexion must it come at last," for it is shown that, for several years past, the parish in question has annually issued instruments of the kind now sued upon, taking up old issues by new ones, that there has not been from 1866 to 1872 any taxes collected in currency, that there has not been a dollar in currency in the parish treasury since the

war; and now the plaintiff in this case prays a decree of the court ordering a tax to be assessed and collected to pay his claim.

The doctrine held in the case of Breaux v. The Parish of Iberville, 23 An. 232; and Marionneaux v. The Parish of Iberville, same volume, p. 251, and in the case of Edwards v. The Parish of Bossier, 24 An. 459. is applicable to the case at bar. We must then, seeing that the negotiable instruments sued upon by plaintiff were issued without authority of law, regard them as null and void.

It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered that there be judgment for the defendant, the plaintiff paying costs in both courts.

The decree rendered in this case was not intended to conclude the right of the plaintiff to claim from the parish payment for services rendered the parish, but only to decide in conformity with previous decisions that a parish unauthorized by legislative act, is without power to make and put into circulation negotiable paper, or instruments of any kind bearing on their face the character of commercial paper passing by indorsement or delivery like those upon which this suit was founded.

Rehearing refused.