No. 10,232.

THE STATE OF LOUISIANA AND THE PARISH OF JEFFERSON VS. DAN MILLER.

An appeal taken from a judgment rendered in a proceeding, apparently criminal, will not be dismissed for want of a citation to the plaintiff, who cannot be permitted to change the character of the proceeding and claim that it is civil in its nature, to oust the defendant from an appeal taken by him, as though the proceeding was a criminal prosecution, in which no citation is required.

Police juries can only exercise such powers as have been granted to them in express terms, or such as are necessarily implied from, or incidental to powers so expressly granted.

State vs. Miller.

The Legislature of this State has not made any general grant of police powers to police juries, but has very carefully detailed, defined and limited the powers granted.

The right to regulate the speed at which railroad trains may run through their parishes or through even the thickly settled portions thereof, is not granted, either expressly or by implication, to police juries.

APPEAL from the First Justice's Court, Parish of Jefferson.

*Gervais Lèche,* District Attorney, and *H. N. Gautier* for Plaintiffs and Appellees.

*L. DePoorter* and *Howe & Prentiss* for Defendant and Appellant.

### On Motion to Dismiss.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs and appellees complain that they have not been cited to answer the appeal and move for its dismissal.

An inspection of the record shows that the defendant was arrested, tried and fined, under a prosecution for the violation of a police jury ordinance.

It is, therefore, apparent that the plaintiffs have impressed upon the proceeding the character of a criminal prosecution.

It is possible that the defendant should not have been dealt with in that form; but at this stage we could not so hold.

Surely, after giving to the proceeding the form of a criminal prosecution, the plaintiffs cannot be heard to change its character and claim that it is a civil proceeding in order to oust the defendant of the appeal which he has taken from the judgment against him, though true it may be, that the defendant has not asked that the plaintiffs be cited to answer the appeal, and they were not cited to do so.

The appeal could be dismissed for want of citation to the plaintiffs solely if the prosecution was civil in character; but this we cannot presently decide without looking to the pleadings and the merits thereof, which can only be done when the motion to dismiss is overruled.

If the proceeding be, as it is in appearance, criminal in form and character, of course no citation would be required to the plaintiffs to notify them of the appeal.

The motion to dismiss is denied.

### On the Merits.

FENNER, J. Defendant appeals from a judgment imposing upon him

State vs. Miller.

a fine of twenty ($20) dollars, and, in default of payment, imprisonment for ten days, as a penalty for the violation of an ordinance of the Police Jury of the Parish of Jefferson, passed in the following terms : "No railroad train shall be allowed to pass through the limits of the villages of this parish at a greater rate of speed than six miles an hour, and any conductor or engineer so offending shall, on conviction before a proper court, be fined for such offense, the sum of twenty ($20) dollars, or be imprisoned in the jail for a period not less than ten nor more than thirty days."

The suggestion that we have no jurisdiction in such a case is without merit.   It is undoubtedly a case " wherein the constitutionality or legality of fine or penalty imposed by a municipal corporation is in contestation," and of all such cases, without limitation, Article 81 of the Constitution invests this Court with jurisdiction.

Various defenses are urged ; one of which, however, is so radical that, being well founded, it dispenses us from the necessity of considering any others.   This is the lack of authority in the Police Jury to pass such an ordinance.

Police juries can only exercise such powers as have been granted to them in express terms, or such as are necessarily implied from, or incidental to, powers so expressly granted.   Dillion Munic. Corp. § 353.

The power exercised by this ordinance to regulate the speed of railroad trains is certainly one not usually granted to, or claimed by, municipal bodies having such broad territorial jurisdiction as police juries.   Such power is, indeed, frequently granted to incorporated towns and cities, and in cases where such bodies are vested with a general grant of police powers, perhaps the power to make such regulations would be considered as embraced therein.

But the Legislature of this State has not seen fit to invest the police juries of the parishes with any general grant of police powers.

An examination of the provisions of the Revised Statutes under the title of " Police Jury," shows that the Legislature has very carefully limited and defined the powers granted to these bodies, and nowhere therein can be found any grant embracing either expressly, or by implication, or as a necessary incident, the power asserted by the Police Jury in this ordinance.

Even had there been a general grant of police powers, we do not think it would, under any reasonable construction, have embraced the power here asserted, because it would have been a power entirely outside of the usual functions of police juries hostile to public policy, and trenching upon the proper legislative domain.   As every railroad train neces-

sarily runs through a succession of parishes, if each may require a rate of speed not exceeding six miles, all may do so, and the practical result might be that no railroad train could run at a greater speed anywhere in this State.

It is true the ordinance only refers to the passage of the train through "the villages of the parish;" but if it may exercise the power there, why not elsewhere? Besides, what are "the villages of the parish?" We are not aware of any law recognizing such municipal organizations. Any settlement may claim to be a "village" as well as another. Every plantation "quarters" might set up its claim, and the result would be that the unhappy conductor or engineer might hardly know when he was in, or out of, the limits of a "village."

Satisfied, as we are, that the Police Jury, in passing the ordinance, exceeded its powers, the penalty for its violation cannot be enforced.

It is, therefore, ordered that the judgment appealed from be avoided and reversed, and that the defendant be discharged.