### No. 10,272.

THE STATE EX REL. J. W. ADAMS ET AL. VS. THE JUDGES OF THE COURT OF APPEALS FOR THE PARISH OF ORLEANS.

The Court of Appeals has no jurisdiction in a suit to annul a judgment discharging an insolvent from liabilities exceeding $2000, in the instant case, $14,000 and more.

APPLICATION for Mandamus.

---

*B. R. Forman* and *A. B. Philips* for the Relator.

---

The opinion of the Court was delivered by

BERMUDEZ, J. This is an application for a *mandamus*, to compel the judges of the Court of Appeals in this city, to exercise jurisdiction over certain cases, decided by the District Court, whose judgment was taken up to said court for review.

The relators, who are the plaintiffs and appellants in said cases, charge substantially: That they are each creditors for an amount less than $2000 of Andrew Downey, who made a cession of his property, and who, upon false and fraudulent representations, as regards them, the relators, obtained a judgment discharging them from further liability to their creditors; that they have separately sued to obtain the nullity of the same; that their demand having been rejected, they have appealed to

the Court of Appeals to have said judgment against them revised; that said court has refused to try said cases on appeal, for want of jurisdiction, *ratione materiæ*, and has dismissed their appeal.

The judges of the Court of Appeals return admitting their refusal, basing it on the main ground, that the matter in dispute is the validity *vel non*. of the judgment discharging the insolvent from claims and debts, exceeding $14,000, which they would have been powerless to review, on an appeal by a particular creditor, whose claim would have been for less than $2000.

In the reasons assigned by them, for dismissing the appeal, they say appropriately:

"In an action of nullity, the matter in dispute is the judgment sought to be annulled. 18 Ann. 393; 36 Ann. 423. The proceedings and judgment sued to be annulled in this case were had contradictorily between Downey and all his creditors and discharged him from an indebtedness of $14,788 20. Obviously, this court could not have entertained an appeal from the judgment, by a particular creditor, on the ground that the amount of his demand against the insolvent was less than $2000. Neither can it entertain, on any such ground, an appeal in an action to annul such judgment."

The relators have sued, alleging the absolute nullity of the judgment, and asked that it be avoided in its entirety.

The grounds alleged for the nullity attack the judgment *in radice*, and, if they be sufficient and proved, the judgment may have to be annulled as a whole.

It is, therefore, apparent that the judges of the Court of Appeals have no jurisdiction to annul the judgment attacked and complained of.

It is, therefore, ordered and decreed that the application for a *mandamus* be refused with costs.