MONROE, J.
Relators complain that, being charged, in the district court for Caddo parish, with keeping a blind tiger and. maintaining a public nuisance, at a building, No. 323 Texas street, in the city of Shreveport, in violation of an ordinance of the police jury of Caddo parish, their exception to the jurisdiction of the court was improperly overruled, and they pray that the court be prohibited from further proceeding.
The judge a quo makes return, saying that, in his opinion, the case is one in which the district court and the city court of Shreveport are vested with concurrent jurisdiction.
Article 109 of the Constitution vests in the district courts (Parish of Orleans excepted)—
“unlimited and exclusive original jurisdiction in all criminal cases, except such as may be vested in other courts authorized by this Constitution.”
Article 96 contains the proviso:
“The General Assembly shall have the power to abolish justice of the peace courts in wards containing cities of more than 5000 inhabitants, and to create in their stead courts with such civil jurisdiction as is now- vested in justices of the peace, and with criminal jurisdiction which shall not extend beyond the trial of offenses not punishable by imprisonment at hard labor under the laws of the state, and of violations of municipal and parochial ordinances, and the holding of preliminary examinations in cases not capital.”
Act 103 of 1898 abolished the office of justice of the peace in the fourth ward of Gaddo parish (City of Shreveport), and established the city court of the city of Shreveport, upon which it conferred the civil jurisdiction which had been vested in the justices of the peace—
“and criminal jurisdiction of offenses committed in said ward and not punishable by imprisonment at hard labor, under the laws of this state, and of violations of the -ordinances of the city of Shreveport, and of the ordinances of the-police jury of the parish of Caddo, within the limits of said ward.”
And Act 29 of 1900 amended the act of 1898 by providing that persons sentenced to fine or imprisonment by said city court shall be entitled to an appeal to the district court “ * * * and, in such cases the trial shall be de novo, and without juries.”
(In State ex rel. Hart v. Judge, 113 La 654, 37 South. 546, however, it was held that the provision above quoted was inoperative, as in conflict with the-Constitution, in so far as it purports to authorize appeals to the district court in cases where a fine exceeding $300 is actually imposed).
Ordinance No. 45, of the police jury of Caddo parish denounces, as a public nuisance, any place where intoxicating liquors are kept for sale, exchange, or giving away, as a beverage, or when it is kept in a place where near beer is- *500 sold, or where gambling is permitted, and declares that such place shall be deemed a blind tiger, and that the owner, lessee, keeper, etc., shall be deemed guilty of keeping a blind tiger and maintaining a public nuisance, and shall, upon conviction, be fined' not less than $80 nor more than $100, and in default of payment, shall work out such fine and costs, at the rate of $1 per day, on the public roads, or shall be imprisoned not less than 10 nor more than 30 days, or both, at the discretion of the court. In State v. Calhoun, 117 La. 82, 41 South. 360, the defendant, being prosecuted for murder, moved to quash the indictment, on the ground that Herman Loeb, who had acted as a member of the grand jury, had -been convicted, under an qrdinance of the city of Shreveport, for failing to make a sewer connection; that it. was during the pendency of his appeal therefrom that the defendant, Calhoun, was indicted, and that the indictment was illegal, for the' reason that Loeb was thereby disqualified from serving on the grand jury, since the law (Act 135 of 1898), in prescribing the qualifications of a grand juror, declares that he must have resided in the parish for one year preceding his service—
“not under interdiction or charged with any' crime or offense, nor convicted at any time, of any crime or offense punishable at hard labor, unless he has been pardoned.”
In sustaining, the ruling of the district court, overruling the motion to quash, this court said:
“It is obviously improper for any person charged with ‘any crime or offense’ to sit as a member of a grand jury whose sworn duty it is to inquire into all violations of the criminal statutes of the state. But neither the letter nor the reason of the prohibition apply to mere violations of local municipal ordinances, which do not come within the jurisdiction, of grand juries, and which do not contravene any of the criminal statutes of the state.”
In Mayor & Council v. Meuer, 35 La. Ann. 1192, it appeared that defendant had been convicted, under a municipal ordinance, of keeping a disorderly house, and. had been sentenced to pay a fine, or, in default -of payment, to be imprisoned and to work on the streets, at $1 a day, until the fine and costs were worked out. He contended that the ordinance was unconstitutional, for the reason that he was denied a trial by jury, but it was said by this court:
“An. examination of the authorities bearing on this interesting_ question satisfies us that offenses against ordinances passed in the exercise of the express or implied police powers vested in municipal corporations, and relating to minor acts and matters not included in the criminal-statutes of the state, are not properly regarded as crimes, to which the constitutional provisions, relating to prosecutions and trial by jury, refer. * * *
“The distinction between crimes against the state and mere violations of municipal ordinances, and the bearing of the constitutional provisions referred to, touching the respective modes or methods for the prosecution and punishment of offenders against the same, is clearly recognized by elementary writers on the subject, and confirmed by frequent adjudications. Dillon, Mun. Corp. [2d Ed.] vol. 1, pp. 451 et seq.; Cooley, Const. Lim. 596; Segwick, Stat. & Const. Law, 548, 549; [State v. Gutierrez] 15 La. Ann. 190; [Mayor & City Council of Monroe v. Gerspach] 33 La. Ann. 1011; [Williams v. City Council of Augusta] 4 Ga. 509 ; [Carr v. State of Georgia] 14 Ga. 358; [Vason v. City of Augusta] 38 Ga. 542; [Tierney v. Dodge] 9 Minn. 166 [Gil. 153]; [North v. Bradway, 9 Minn. 186 (Gil. 169)]; [Byers v. Commonwealth] 42 Pa. 89; [McGear v. Woodruff] 33 N. J. Law, 213.”
To which authorities, we may add: State v. Fourcade, 45 La. Ann. 727, 13 South. 187, 40 Am. St. Rep. 249; State v. Heuchert, 42 La. Ann. 270, 7 South. 329; State v. Boneil, 42 La. Ann. 1110, 8 South. 298, 10 L. R. A. 60, 21 Am. St. Rep. 413; State ex rel. Courrege v. Mayer, 50 La. Ann. 47, 23 South. 92; City v. Holly & wife, 50 La. Ann. 627, 23 South. 746; State v. Railroad Co., 50 La. Ann. 1203, 24 South. 265, 56 L. R. A. 287; Natal v. Louisiana, 139 U. S. 621, 11 Sup. Ct. 636, 35 L. Ed. 288; A. & E. Enc. of Law, vol. 24, p. 504; McQuillan on Municipal Corporations, vol. 3, p. 2370.
Applying the doctrine as thus stated to the case at bar, it will be seen that article *502 109 of the Constitution, in conferring “jurisdiction in criminal cases” upon the district courts, did not thereby confer jurisdiction in cases arising under municipal ordinances, and it is quite certain that no such jurisdiction was conferred by Act 103 of 1898, or Act 29 of 1900, which vest that jurisdiction in the city court of the city of Shreveport, subject to the right of appeal to the district court, in eases not appealable to this court. Whether the “criminal” jurisdiction which is vested by those acts in the city court is to be exercised 'Concurrently with that vested in the district court is a question that is not presented in this case. Being of opinion, therefore, that the district court is without original jurisdiction to entertain the prosecutions here in question, it is ordered that it be prohibited from further proceeding therein.