(67 South. 947)

No. 20858.

STATE v. EMILE et al.

(Feb. 23, 1915. Rehearing Denied March 22, 1915.)

*(Syllabus by Editorial Staff.)*

1. INTOXICATING LIQUORS ☞197—JURISDICTION OF PROSECUTION—DISTRICT COURT.

The district court has jurisdiction of prosecutions on informations for the violation of a police jury ordinance prohibiting the keeping of intoxicating liquors for sale.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 216; Dec. Dig. ☞197.]

2. INTOXICATING LIQUORS ☞10 — KEEPING FOR SALE—"BLIND TIGER."

An ordinance forbidding the keeping of intoxicating liquors for sale in prohibition territory is an exercise of the power to define and punish "blind tigers," which are defined to be places where intoxicating liquors are sold on the sly, since no one would keep such liquors for sale in such territory, unless the sale was intended to be on the sly.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 7–12; Dec. Dig. ☞10.

For other definitions, see Words and Phrases, First and Second Series, Blind Tiger.]

3. INTOXICATING LIQUORS ☞10—POWERS OF POLICE JURY—ORDINANCES.

The police jury of a parish is not vested with any general police power, and in the absence of special authority cannot pass an ordinance forbidding the keeping of intoxicating liquors for sale in prohibition territory.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 7–12; Dec. Dig. ☞10.]

4. INTOXICATING LIQUORS ☞10—POWERS OF POLICE JURY—ORDINANCES.

Act No. 221 of 1902, empowering police juries of parishes to make such rules and regulations for the sale or prohibition of the sale of intoxicating liquors as a majority of the voters of the parish may determine by ballot, does not authorize such jury, in a parish where the prohibition of such sale has been adopted to pass an ordinance prohibiting the keeping of intoxicating liquors for sale therein without an election, since, even if that act could be construed to authorize the regulation of such sales without a special vote, there can be no regulation after the voters have prohibited the sales.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 7–12; Dec. Dig. ☞10.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

A. Emile and another were convicted of unlawfully keeping a blind tiger, in violation of a police jury ordinance of Caddo parish, and defendant Emile appeals. Reversed, and accused discharged.

Stewart & Tanner, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and Wm. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused, A. Emile, has appealed from a conviction and sentence upon an information before the district court of the parish of Caddo, charging that he and Miller Joseph—

"being then and there the proprietors of a certain building located 800 block of Louisiana street, Shreveport, Caddo parish, Louisiana, unlawfully did keep a blind tiger and maintain a public nuisance in said building, by then and there keeping for sale, barter, exchange, or giving away a large quantity of whisky and beer, to wit, six cases of quart bottles of Old Forrester whisky, one trunk full of Old Forrester whisky, 3 dozen bottles of Budweiser beer, in violation of the police jury ordinance of Caddo parish, contrary to the form of the statute of the state of Louisiana in such case made and provided, and against the peace and dignity of the same."

[1] The accused excepted to the jurisdiction of the district court of the parish of Caddo to try the case, on the ground that, the offense charged being the violation of an or-

dinance, the city court of the city of Shreveport alone had jurisdiction.

To the contrary, see State v. Foggin, 135 La. 497, 65 South. 622.

The accused moved to quash the information, on the ground that said ordinance is null, for the reason that the police jury had no authority to pass it, it possessing no powers but such as are expressly delegated to it, or result by necessary implication from those that are expressly delegated, and the power to define and punish blind tigers not having been delegated to it or resulting from any power delegated to it, and for the further reason that, even if it possessed said power, it could not in the exercise of it make that a blind tiger which in reality is not, that it cannot make the mere keeping of liquors for sale a blind tiger, a blind tiger being, according to the definition given of it by this court in City of Shreveport v. Maroun, 134 La. 490, 64 South. 388, a place where liquors are sold on the sly, so that, in order that there should be a blind tiger, there must be an actual sale of liquors, and it must be on the sly.

[2] Between the said definition and the said ordinance we find no conflict; for, as a practical question, the keeping of liquors for sale in prohibition territory is the same thing as the keeping of them for sale on the sly, since no sensible person would keep liquors for open sale in prohibition territory, and thereby foolishly incur the heavy penalties denounced by law for selling intoxicating liquors without a license, but, if keeping them at all, would do so for selling secretly, and seek thereby to reap the benefit of the sale without incurring the penalties. And an actual sale is not necessary, since in the case of an actual sale the offense is no longer that of keeping a blind tiger, but of a selling of liquors without a license. Moreover, in the said case of City of Shreveport v. Maroun the court upheld the validity of an ordinance of the city of Shreveport which is a replica of the said police jury ordinance, in so far as making a mere keeping of liquors for sale a blind tiger. The said city ordinance is reproduced in the said Maroun Case, and the police jury ordinance is reproduced in the case of State v. Emmet Hagen (No. 20,860) 67 South. 935, ante, p. 868, this day decided.

[3] The other part of the objection is, however, on more solid ground. We are not referred to any statute which authorizes a police jury to enact such an ordinance as this. The learned Attorney General and the district attorney would seek to derive the authority from an inherent power to abate nuisances, such as in the case of City of Shreveport v. Maroun, supra, was found to be vested in the city council of the city of Shreveport, although not specially delegated in the city charter; but police juries or parishes differ widely from town and city councils, or towns and cities, in respect to the powers with which they are impliedly or inherently vested. See State v. Miller, 41 La. Ann. 53, 5 South. 258, 7 South. 672; Parish of Concordia v. Railway Co., 44 La. Ann. 615, 10 South. 809; Police Jury v. Arleans, 34 La. Ann. 646; Sterling v. Parish of West Feliciana, 26 La. Ann. 59; Farmer v. Myles, 106 La. 333, 30 South. 858, and cases there cited. In this last case the court said:

"The * * * powers * * * of a parish and its governing officers differ materially from those of a city."

And the court held that a police jury can exercise no powers but such as are specially or specifically granted, and that therefore the power to "pass all such ordinances as they may deem necessary relative to roads" did not authorize them to allow private individuals to establish a tramroad along and upon one of the public highways of the parish. In the first of the above-cited cases it was held that:

"The Legislature has not seen fit to invest police juries with any general grant of police powers," but has "very carefully limited and defined the powers granted to these bodies"

—and that therefore a police jury is without power to prescribe a speed limit for railroad trains passing through the villages of the parish. This matter of the restricted character of the power of police juries was treated so completely in the case of Farmer v. Myles, supra, that anything we might add here in that connection would in reality be nothing more than a mere rehash or repetition. We will therefore simply refer to that case for a full discussion of the question, and hold the said ordinance to be unauthorized and therefore null.

[4] The court has considered whether Act 221, p. 451, of 1902, contains authority to police juries to pass the said ordinance, and has concluded that it does not. In the first place, the said statute authorizes the police jury to act only "as a majority of the legal voters of the parish may determine," and the said ordinance was passed without consultation of the voters of the parish. In the next place, after prohibition has been established, there can no longer be any occasion for rules and regulations for the sale of liquors, and hence, even if said statute could be said to authorize the adoption of rules and regulations for the sale of liquors without previous submission to the legal voters of the parish, such authority could not apply in localities where prohibition has been established.

The motion of the state to dismiss the appeal is identical in its features with the like motion in the case of State v. Emmet Hagen, supra, and for the reasons there given is overruled.

The judgment appealed from is therefore set aside, and the accused is ordered discharged without day.

MONROE, C. J. I concur in the decree, for the reasons assigned in State v. Hagen, supra, this day decided.