**MILLSTONE v. YELLOWLEY, Acting Federal Prohibition Director for State of New York.**

(District Court, E. D. of New York. May 16, 1923.)

1. **Internal revenue ⬅⬆24—Regulation permitting withdrawal of liquor bottled in bond only, held reasonable and valid.**

   The regulation issued by the Commissioner December 22, 1922, providing that in the interests of the public health only liquor bottled in bond would be permitted to be withdrawn from warehouses, *held* reasonable and valid.

2. **Internal revenue ⬅⬆24—Permit subject to subsequent regulations; "contract."**

   A permit, issued by the Commissioner of Internal Revenue pursuant to National Prohibition Act, tit. 2, is not a "contract," and is subject to such valid regulations as may thereafter be made under the power given by section 1(7).

3. **Internal revenue ⬅⬆24—Permittee held not entitled to withdraw liquor contrary to existing regulation.**

   That a prohibition director refused to allow a permittee to withdraw liquor to which he was entitled under his permit *held* not to entitle him to make such withdrawal after the adoption of a valid regulation prohibiting withdrawal in bulk.

In Equity. Suit by J. William Millstone against Edward C. Yellowley, Acting Federal Prohibition Director for the State of New York. Decree for defendant.

See, also, 287 Fed. 941.

⬅⬆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Meyer Kraushaar, of New York City (Emanuel Celler, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of New York City, and Guy O. Walser, Asst. U. S. Atty., of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge. This is an action in equity, brought by the plaintiff to review the action of the defendant in revoking a permit in part and refusing to allow the removal of liquor in bulk. The plaintiff was a retail druggist, to whom a retail basic permit had been issued by the prohibition department.

On December 1, 1922, the plaintiff was the owner of certain warehouse receipts, and applied for a permit to procure a barrel of whisky from E. T. Browne Drug Company, and on that day the defendant Yellowley, acting prohibition director of New York, refused to approve of the withdrawal of said barrel of whisky, and informed plaintiff that he need only apply for six gallons of whisky at a time; that under date of December 22, 1922, the following regulation by the Commissioner of Internal Revenue, approved by the Secretary of the Treasury, was issued:

"T. D. 3418.

"Prohibition—Only Bottled-in-Bond Spirits to be Withdrawn for Medicinal Use.

"Treasury Department, Office of Commissioner of Internal Revenue, Washington, D. C.

"To Federal Prohibition Directors and Others Concerned:

"In the interest of the public health and to prevent the use of impure, harmful, and poisonous liquor, the withdrawal, for medicinal purposes, from distillery warehouses, general bonded warehouses, special bonded warehouses, concentration warehouses, or other warehouses in which untax-paid spirits are held, of only such spirits, not including alcohol, as are bottled in bond, will be permitted on and after April 1, 1923, and special permits may be given to the owners of spirits in customs bond and in free warehouses to bottle such spirits under the supervision of the Commissioner of Internal Revenue and upon the owner giving sufficient bond against the unlawful diversion of such spirits while in transformation."

The plaintiff presents three questions, as follows:

"(1) Whether or not the treasury decision aforesaid is a reasonable regulation in pursuance of the terms of the Volstead Act, which gives the right to the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury of the United States, to promulgate reasonable regulations to carry out the provision of the act. (2) Whether or not, after the issuance of a permit, which specifies the rights and privileges of a permittee, the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury of the United States, has a right to change those privileges and rights, specifically taking away the right of the permittee to withdraw goods in bulk. (3) And, if the permittee had the right of withdrawal as contended at the time of commencement of this action, could that right be taken from him by the amendment of the regulation?"

I will treat these questions in their order.

[1] 1. Prior to the adoption of the Eighteenth Amendment to the Constitution of the United States, the Congress had no police power; but by that amendment it was conferred on it for the purpose of enforcing the amendment. This question has been more fully discussed

in my opinion in Schnitzler v. Yellowley et al., 290 Fed. 849, filed herewith.

The plaintiff criticizes the regulation hereinbefore recited, on the ground that the Congress had no power to legislate in the interest of the public health and to prevent the use of impure and poisonous liquor. In this I think he is in error because, while it is true that the protection of the public health has been generally accomplished under the police power of the states, yet it is also true that the Congress of the United States has passed many laws to protect the public health with reference to narcotics, epidemics, food supplies, and the establishment of the public health service.

It is undoubtedly true that the police power which Congress has under the Eighteenth Amendment is for the purpose of bringing about its enforcement, and when you consider that by that amendment, and the act which was passed in aid of its enforcement, the federal government was given complete control over the acquisition of liquor to be used for medicinal purposes, it does not seem to me to strain the police power to hold that it is sufficient to sustain the action of the Commissioner and Secretary of the Treasury in preserving the purity of such medicinal liquor. I therefore consider the regulation in question a reasonable regulation, which the Commissioner and Secretary of the Treasury were empowered to make.

[2] 2. The permit issued by the Commissioner is in no sense a contract; it is exactly what it is called, a permit, and the power to make regulations contained in the act is not a power to be once exercised and then lost forever, but it is a power to make regulations from time to time as the necessities may arise. See National Prohibition Act (41 Stat. 305) title 2, § 1, subd. 7. So much thereof as is necessary for consideration in the instant case reads as follows:

"(7) The term 'regulation' shall mean any regulation prescribed by the Commissioner with the approval of the Secretary of the Treasury for carrying out the provisions of this Act, and the Commissioner is authorized to make such regulations."

It is to be noted that the regulation does not in any way change the quantity to be withdrawn, but simply requires it to be done in a different way. This is simply controlling the supply, a matter which must of necessity be in the hands of those charged with the enforcement of this law, and what the Congress evidently intended should be done. I therefore believe the right existed in the Commissioner and Secretary of the Treasury to make this change.

[3] 3. Assuming for the sake of argument, without deciding it, that the plaintiff had the right to withdraw the liquor in bulk at the time permission so to do was denied, the question is: Has he still that right, or must he withdraw it in accordance with the existing regulations? The answer to this question in the first instance depends on whether the permit which was issued to him constituted a contract, which could not be changed by the government, and we have held that it did not.

The next question is whether the regulation in question is one designed to accomplish a reasonable and necessary purpose, and we

have held that it does. To allow the plaintiff now to withdraw in bulk would frustrate the whole purpose of the regulation, and this should not be done, because, if the plaintiff suffered any damage for which he is entitled to recover, such recovery can be had in an action at law against the person who caused such damage by exceeding his authority, and equity should not give the plaintiff the relief he asks, when, if he is entitled to any relief, he has an adequate remedy at law.

The regulation in question is general, and affects all in the same class alike; it does not deprive the plaintiff of any property, but simply requires him to bottle the liquor he has in bulk in bond before withdrawing it. As we have held that the regulation was a reasonable one, and within the power of the Commissioner and the Secretary to promulgate it, the third question relates only to one barrel, as that is all that the plaintiff requested to withdraw before the regulation was issued. I therefore believe that the plaintiff cannot withdraw any liquor in bulk, but must withdraw it in accordance with the terms of the regulation.

The defendant having withdrawn the limitation on the withdrawals of liquor by the plaintiff after the commencement of this action, judgment is granted to the defendant against the plaintiff, but without costs.