### SHREVEPORT DRUG CO. v. JACKSON, Prohibition Director.

(District Court, W. D. Louisiana.   June 25, 1924.)

No. 203.

1. **Intoxicating liquors** ⬤⟶108(10)—**On review of ruling revoking permit, investigation has wide latitude, but court will not administer law, except where clear abuse shown.**

On bill to review ruling revoking a druggist's license to dispense intoxicants under Volstead Act, § 9 (Comp. St. Ann. Supp. 1923, § 10138½dd), investigation may cover wide latitude; but it is not duty of court to administer law, except where there appears clear abuse of powers by Commissioner or his agents.

2. **Intoxicating liquors** ⬤⟶108(10) — **Scope of review of ruling revoking druggist's permit.**

On review of ruling revoking druggist's license to dispense intoxicants, under Volstead Act, § 9 (Comp. St. Ann. Supp. 1923, § 10138½dd), court should take record as made up by Commissioner, and if there appears therein arbitrary action on his part, or if permittee through no fault or laches of his own failed to present his full case, relief may be afforded.

Wilkinson, Lewis & Wilkinson and Jos. H. Levy, all of Shreveport, La., for plaintiff.

Philip H. Mecom, U. S. Atty., of Shreveport, La., and William L. Taggart, Sp. U. S. Atty., of Washington, D. C., for defendant.

DAWKINS, District Judge. Complainant had its permit to dispense intoxicants as a druggist revoked by the prohibition director, and has filed a bill in equity, pursuant to the provisions of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to have the ruling reviewed by this court. At the threshold, and preliminarily to the trial, the parties have submitted the question of whether, in such a proceeding, the court should try the matter de novo, or merely review the finding of the Commissioner upon the record which he made up.

[1] The manufacture, sale, and transportation of intoxicants for beverage purposes has been outlawed by the Constitution and the statute putting the Eighteenth Amendment into effect. All of these acts may be done, however, within certain well-defined limitations; i. e., for medicinal or sacramental purposes, etc., provided proper permits are obtained from the Commissioner of Internal Revenue; but such permits are subject to revocation for the causes and in the manner laid down by the law. The authority and machinery for revoking permits is provided in section 9 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½dd), which reads as follows:

"If at any time there shall be filed with the Commissioner a complaint under oath setting forth facts showing, or if the Commissioner has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this act, or has violated the laws of any state relating to intoxicating liquor, the Commissioner or his agent shall immediately issue an order citing such person to appear before him on a day named not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation, which citation shall be accompanied by a copy of such complaint, or in the event that the proceedings be initiated by the Commissioner with a statement of the facts constituting the violation charged, at which time a hearing shall be had unless continued for cause. Such hearings shall be held within the judicial district and within fifty miles of the place where the offense is alleged to have occurred, unless the parties agree on another place. If it be found that such person has been guilty

of willfully violating any such laws, as charged, or has not in good faith conformed to the provisions of this act, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter. *Should the permit be revoked by the Commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in section 5 hereof.* During the pendency of such action such permit shall be temporarily revoked."

The portion of section 5 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½bb), referred to in section 9 is quoted as follows:

"The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the Commissioner as the facts and law of the case may warrant, and during the pendency of such proceedings may restrain the manufacture, sale, or other disposition of such article."

The apparent purpose of the law was to provide a convenient mode of enforcing prohibition by intrusting it to the Commissioner of Internal Revenue. At the same time, it was thought wise to provide against arbitrary action of that department by granting to the persons whose permits were so revoked a right of review by the courts under their equity jurisdiction. The very language of this provision indicates a desire on the part of the lawmaker to allow the very widest latitude in such investigations, to the end that justice may be done. No more appropriate forum could have been selected for that purpose than the equity side of the courts, with the broad powers which such a proceeding affords. However, I do not believe that it was the intention to impose upon the courts the duty of deciding these questions and administering the law, except where there appears a clear abuse of the powers of the Commissioner or his agents.

The Commissioner has prepared an elaborate set of rules and regulations, which attempts to give an opportunity for full hearing to both sides, in a simple and fair proceeding; and while neither the Commissioner nor his agents are required to be lawyers, nor has there been provided the full processes of court for compelling the attendance of witnesses, etc., nevertheless the witnesses are required to be sworn and a record made, upon which a reasonable review may be had. Notice or citation is provided, with opportunity to be heard and for

2 F.(2d)—5

the building up of a record, which reasonably affords the losing permittee a chance to present all questions to the court when the matter is reviewed for that purpose. If it had been intended that the question should be decided primarily by the court, it seems that the law would have required that the proceeding to revoke be brought there where all the processes and machinery of the courts could be utilized to that end. This it did not do, but granted merely to the permittee the right to have the ruling of the Commissioner reviewed under the equity powers of the courts.

[2] In these circumstances, I believe the reasonable intendment was that the court should take the record as made up by the Commissioner, and, if there appears therein a showing of arbitrary action on his part in the matter of permitting a proper defense, or if the permittee, through no fault or laches of his own, failed to present his full case, a court of equity may afford whatever relief may be required. If a witness could not be had, either because of the want of power to compel his attendance or otherwise, or if evidence, for any reason, after due diligence, has been denied, the court may either receive it on the review, as in case of any other trial in equity, or appoint a commissioner to take it and report back, as fully as if the matter had originated within its own jurisdiction. However, I think the burden is upon the permittee to lay the basis, in the manner indicated, for such action. In this way the duty of administering the law is placed primarily where Congress intended it, and at the same time the aggrieved party is fully protected against erroneous or arbitrary rulings.

This disposition of the matter will indicate the extent to which the court thinks the complainant may go in presenting his case.