**TRAVIS et al. v. JACKSON, Prohibition Administrator.**

District Court, E. D. Louisiana. May 28, 1928.

No. 18483.

1. **Intoxicating liquors ⬅72—District Court may affirm, modify, or reverse prohibition commissioner's findings, made through administrator, though commissioner cannot be served (National Prohibition Act, tit. 2, §§ 5, 6 [27 USCA §§ 14, 16]).**

Under National Prohibition Act, tit. 2, §§ 5, 6 (27 USCA §§ 14, 16), District Court has authority to affirm, modify, or reverse findings of prohibition commissioner, made through prohibition administrator, in refusing permits to prescribe, compound, and dispense alcohol for medicinal purposes, though commissioner cannot be served with process and will not voluntarily appear; commissioner being bound by acts of his agent, the administrator.

2. **Intoxicating liquors ⬅72—Courts may review prohibition commissioner's acts respecting liquor permits, based on error of law, unsupported by evidence, or because arbitrary or capricious (National Prohibition Act, tit. 2, §§ 5, 6 [27 USCA §§ 14, 16]).**

Though National Prohibition Act (27 USCA) must be liberally construed to prevent use of intoxicating liquor as beverage, and though granting or refusing of liquor permits requires exercise of sound discretion as to eligibility of applicants, courts have power and duty, under title 2, §§ 5, 6 (27 USCA §§ 14, 16), to review acts of commis-

sioner or his agent in performing this duty, and may examine, modify, or reverse his findings, where his action proceeds from an error of law, is wholly unsupported by evidence, or is clearly arbitrary and capricious.

3. **Intoxicating liquors ⬅10(2)—Police jury ordinance, prohibiting use of alcohol in practice of medicine and pharmacy, held void, and refusal to issue liquor permits because of ordinance will be reversed (28 USCA § 725; Const. La. 1921, art. 3, and art. 19, § 5).**

Under decisions of Louisiana Supreme Court that under Const. La. 1921, art. 3, and article 19, § 5, police juries have no general authority to exercise police powers of state, or to enact ordinances prohibiting sale of intoxicating liquors, ordinance of police jury prohibiting physicians from prescribing medicine containing any alcohol and prohibiting druggists from filling any such prescriptions must be held void by federal court, under Rev. St. § 721 (28 USCA § 725); hence action of federal prohibition administrator in refusing to issue permits to physicians and pharmacists on sole ground of such ordinance will be reversed.

In Equity. Suit by Dr. Ripley W. Travis and others against O. D. Jackson, Prohibition Administrator. Decree for plaintiffs.

Hugh S. Suthon, of New Orleans, La., for complainants.

Wayne G. Borah, U. S. Atty., of New Orleans, La., for the United States.

BURNS, District Judge. The plaintiffs, a practicing physician and certain pharmacists operating drug stores in the parish of Tangipahoa, invoke equitable relief, alleging that the prohibition administrator, whose territorial authority includes the state of Louisiana, persists in denying a permit to them and to all others similarly situated to prescribe, compound, and dispense alcohol for medicinal purposes in accordance with the regulations and limitations imposed upon physicians and druggists or pharmacists under and in accordance with the National Prohibition Act (27 USCA) and the regulations aforesaid; that physicians and pharmacists are granted such permits by the administrator throughout the state of Louisiana, and that such permits are granted throughout the United States, except in a few states of the Union, where such rights to prescribe and dispense alcohol for medicinal purposes is prohibited by the state Legislatures; that, whilst there is a subsisting prohibition statute in the state of Louisiana, there had been no act of the Legislature prohibiting the use of alcohol in the practice of medicine and pharmacy; that plaintiffs made application in due form to the defendant prohibition administrator, who disapproved the applications and refused to grant permits on the

sole ground that an ordinance had been passed by the police jury of Tangipahoa parish prohibiting physicians from prescribing medicine containing any alcohol, and prohibiting druggists from filling any such prescription. A copy of the ordinance adopted by the police jury is attached to the bill, showing its penal character, whereby any person who violates the prohibitory sections shall be guilty of a misdemeanor, and, on conviction by a court of competent jurisdiction, shall be fined not more than $500 and imprisoned not more than six months in the parish jail.

There was attached to the original petition the written disapproval of the plaintiffs' application, signed by the federal prohibition administrator, who quotes the ordinance of the police jury of Tangipahoa parish, giving as his sole reason for refusing the permits and disapproving the permit and refusing the applications, that such a permit would be in direct violation of sections 1 and 2 of the ordinance adopted by the police jury of Tangipahoa parish, and returning to the applicants the formal surety bonds tendered by them for permits under title 2 of the National Prohibition Act (27 USCA § 4 et seq.) conditioned as the regulations required. An order was made directing the federal prohibition administrator, Mr. C. D. Jackson, to show cause why his acts, complained of in the bill, should not be reviewed, and relief granted as prayed for.

The United States attorney made appearance on behalf of the administrator, contending that the bill of complaint was defective because of the nonjoinder of the Commissioner of Internal Revenue and the police jury of Tangipahoa parish, and further that the Commissioner of Internal Revenue and the police jury of the parish of Tangipahoa should be made parties to the suit. Process issued accordingly. Extraterritorial service was attempted on the Commissioner of Internal Revenue by the United States marshal at Washington, D. C., whereupon the United States attorney, without waiving the benefits of the first motion to dismiss, filed a second motion to dismiss upon the ground that this court is without jurisdiction rationæ materiæ and rationæ personæ. This was followed by another supplemental and amended bill, filed in view of my ruling that this court was without power to issue an original writ of mandamus to the federal prohibition administrator as an executive officer, praying a review of the action of the prohibition commissioner as alleged in the original bill, according to section 6, title 2, of the National Prohibition Act (27 USCA § 16), which provides: "In the event of the refusal by the Commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 5 hereof."

The United States attorney, on behalf of the Commissioner of Internal Revenue, then moved to quash the summons to vacate and set aside the return of service on said summons on David H. Blair, Commissioner of Internal Revenue, because the said Blair, Commissioner of Internal Revenue, was not a resident of this Eastern district of Louisiana, and was an inhabitant of the District of Columbia, and because the service made in the District of Columbia was not a valid, legal service, since no process was authorized by law by which this court might acquire jurisdiction of the defendant, David H. Blair, Commissioner of Internal Revenue. This motion was sustained.

Some 18 months having been consumed upon these dilatory pleadings, the defendants remaining were given 10 days in which to file an answer to the bill on the merits. By his answer the federal prohibition administrator admits substantially all of the allegations of the plaintiff, and particularly he admits that the state Legislature has not enacted any law restricting the rights of physicians and pharmacists to prescribe and compound medicines containing alcohol, and admits that, pursuant to the provisions of existing law and regulations, permits are granted to physicians and pharmacists throughout the state of Louisiana, except only in the parish of Tangipahoa. He denies that the ordinance of the police jury of the parish of Tangipahoa is ultra vires, null, and void, alleging that the same is valid and subsisting, and that he is justified in accepting it as binding on him as federal prohibition administrator. He further admits that such permits are indispensable prerequisites for physicians and pharmacists to prescribe and compound medicines containing alcohol. He testified in person upon the hearing that there was no personal objection to any of the applicants, and that the subsisting ordinance, which he accepted as a valid law, was the only ground upon which his refusal of permits rested.

The issues, therefore, present but one question for determination: Whether or not the federal prohibition administrator of this zone or district, which includes Louisiana, was justified in refusing to grant the plaintiffs the permits applied for, or whether he had acted arbitrarily, illegally, and without any reason or warrant in law or in fact, when

he disapproved the applications and refused to grant these permits.

[1] Undoubtedly, this court has the authority to review his act in the premises and to reverse his findings, notwithstanding this court is without authority in original proceedings to issue writs of mandamus to executive officers. This authority so to review the acts of the administrator is specifically conferred by the statute in sections 5 and 6 of title 2 (27 USCA §§ 14, 16). This court has authority to affirm, modify, or reverse the findings of the Commissioner as the facts or law of the case may warrant. The insistence of the United States attorney upon the dismissal of the bill because of the nonjoinder of the Commissioner of Internal Revenue could but result in a defeat of the legislative intent. This is well illustrated by the fact that this court, as is every other District Court outside the District of Columbia, is without power to bring the Commissioner of Internal Revenue into court personally by extraterritorial process, so that the quashal of the service upon him became necessary after the complainant obtained service upon him.

The statute and the regulations adopted thereunder plainly contemplate that the Commissioner shall act vicariously in the premises, through his territorial agent. His power in the premises is delegated to the federal prohibition administrator, who is within the jurisdiction of this court, and who is properly joined herein as the Commissioner's official agent. He, as such, is the one who actually acted upon the applications of the plaintiffs. To hold that his acts are not subject to review, because the Commissioner cannot be served with process and will not voluntarily appear, would amount to a denial of due process to the plaintiffs, who are subjected to the authority of the Commissioner only through the administrator, vicariously representing the former. Upon this consideration alone the Commissioner should be bound by the act of his agent, the administrator, in a proceeding of this character under the statute, the purpose and intent of which would otherwise be defeated.

[2] The courts have uniformly recognized that, whilst the terms of the National Prohibition Act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented, they also recognize that the permit issued by the Commissioner is in no sense a contract; that his duty does not consist in the mere perfunctory signing of a permit form as a ministerial duty, but that it is one requiring the exercise of a sound discretion, whereby he issues a permissive privilege to the applicant; and that this administrative duty is not imposed upon the courts, to decide the eligibility of applicants for this permissive privilege. Nonetheless, the courts are vested with the power and the duty to review the acts of the Commissioner or his agent in the performance of this statutory duty, and may affirm, modify, or reverse his findings upon the facts and law, where his action proceeds from an error of law, is wholly unsupported by the evidence, or is clearly arbitrary and capricious. Ma-King Products Co., Appellant, v. David H. Blair, Commissioner of Internal Revenue, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046; Silberschein v. U. S., 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256; Shreveport Drug Co. v. Jackson, Prohibition Director (D. C.) 2 F.(2d) 64, 65; Millstone v. Yellowley (D. C.) 290 F. 855.

[3] Here plainly the action of the Commissioner in refusing these permits resulted from an error of law. His agent, the administrator, admits that he acted solely on the assumption that the ordinance of the police jury of the parish of Tangipahoa was a valid and subsisting law of the state, and that he was obliged to take cognizance of it. Under the federal law (R. S. § 721 [28 USCA § 725]) the decisions of the highest court of a state, construing the laws of that state, form rules of decision for the federal courts within it. By this I am constrained to hold with the Supreme Court of the state of Louisiana that the police jury of Tangipahoa parish had no authority to pass such an ordinance; that it is ultra vires, null, and void.

In repeated decisions that court has held that police juries have no general authority to exercise the police powers of the state. In State ex rel. Lisso v. Police Jury of Red River Parish, 116 La. 767, 41 So. 85, it declared that: "Under no law of this state is the power conferred on police juries to prohibit the sale of intoxicating liquors," etc. In State v. Emile, 136 La. 891, 67 So. 947, that: "The police jury * * * is not vested with any general police power, and in the absence of special authority cannot pass an ordinance forbidding the keeping of intoxicating liquors for sale in prohibition territory;" that "the * * * powers * * * of a parish and its governing officers differ materially from those of a city;" that " 'The Legislature has not seen fit to invest police juries with any general grant of police powers,' but has 'very carefully limited and defined the powers granted to these bodies' "—citing State v. Miller, 41 La. Ann. 56, 5 So. 258, 7

So. 672; Parish of Concordia v. Railway Co., 44 La. Ann. 615, 10 So. 809; Police Jury v. Arleans, 34 La. Ann. 646; Sterling v. Parish of West Feliciana, 26 La. Ann. 59; Farmer v. Myles, 106 La. 333, 30 So. 858, all to the effect that police juries have no power to enact such ordinances, except where specially authorized by the Legislature, which alone is vested with such authority. See Const. La. 1921, art. 3, and section 5 of article 19. So that, in the absence of a showing of affirmative authorization of the Legislature to the police jury, the ordinance must be held void and of no effect. It is unnecessary to decide whether, in the case of a valid ordinance of that character, federal officers might assume their enforcement.

Accordingly the action of the Commissioner of Internal Revenue and of the federal prohibition administrator, acting under his authority, in disallowing the application of plaintiffs for permits, and refusing to issue permits to the plaintiffs as physicians and pharmacists, upon the same basis that such permits are issued to all other physicians and pharmacists throughout all other parishes in the state, because of the ordinance in question, is reversed, vacated, and set aside, and a decree may be entered for the plaintiffs, ordering the Commissioner and the prohibition administrator to reconsider the several applications of the plaintiffs in accordance with this opinion.