13L 111
44  616

13L 111
51  534

13  116
110  674
°110 675

## SICARD *vs.* CHITZ ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINTE COUPEE, THE JUDGE THEREOF PRESIDING.

The construction of dikes and levees, and removal of obstructions in the beds of rivers and navigable streams, are under the exclusive jurisdiction of the police jury in the parish through which these streams run.

So, where the defendants, by order of the police jury of Pointe Coupée, cut away a dam, and removed the obstructions in the bed, and which had been made across False River, by the plaintiff: *Held*, that they were not liable in an action for damages at the suit of the plaintiff.

The plaintiff alleges, that in the year 1838, the defendants, L. Chitz, C. Porche, and P. Jeoffrian, illegally, and without authority, entered upon his land, at the mouth of the upper canal of *Fausse Rivière*, and there cut away a dike, or dam, which he had constructed across said canal, for his own use and benefit, and which was situated on his own land.    That by reason of said illegal acts, he has suffered damages to the amount of five thousand dollars, for which he prays judgment.

The defendants pleaded a general denial to the allegations not specially admitted.    They aver that the plaintiff had built a dam across the principal pass of the upper channel of *Fausse Rivière*, thereby preventing the entrance of the waters of the Mississippi into this river, which was the only pass or natural water course running through a large settlement.

EASTERN DIST. *March*, 1839.

SICARD
*vs.*
CHITZ ET AL.

That the plaintiff had stopped up this pass, without any authority, and contrary to law, to the great injury of the inhabitants of *Fausse Rivière* and its numerous bayous, etc. They further aver, that they acted as a committee of the police jury, and under its orders, in cutting away the plaintiff's dam, and clearing the obstructions in the bed of the river. They pray that the police jury may be called in to defend this suit, and that it be dismissed, with costs.

Upon these pleadings and issues, the cause was tried before the court and a jury.

There were several bills of exception taken to opinions of the court, on contested points which arose on the trial, which are not deemed necessary to notice. The jury, after hearing all the evidence, returned a verdict for the defendants ; and after an unsuccessful attempt to obtain a new trial, the plaintiff appealed.

*Hiriart*, for the plaintiff and appellant.

*L. Janin*, for the defendants, after explaining and commenting on the evidence of the case, contended—

1. That the channel closed by the plaintiff is a " common highway," which has to remain forever free. See 4th section of the act of congress, of April 30, 1812, entitled " An act for the admission of the state of Louisiana into the Union, etc." 1 *Moreau's Digest*, 224. A temporary obstruction does not destroy the character of a " common highway," which this water course had.

2. That even if this channel had not been a " common highway," the plaintiff could not have closed it. *Louisiana Code, article* 657.

3. That the police jury acted in the proper exercise of its authority, by ordering the destruction of the dam. 2 *Moreau's Digest*, 241.

4. That this dam was a public nuisance of a highly dangerous character.

*Rost, J.*, delivered the opinion of the court.

The plaintiff seeks to recover damages from the defendants, for breaking down, illegally, as he alleges, a dam, causeway, or dike, constructed by him across the mouth of the upper channel of False River.

The defendants deny their liability, and aver, that the plaintiff had erected a dam across the principal pass of the upper channel of False River, which is a navigable stream, and a natural water course, thus preventing all water communication between False River and the Mississippi, and depriving the planters on False River of the water necessary to their various purposes; that a petition praying for the abatement of that nuisance was signed by a large number of planters, and presented to the police jury, and that the defendants abated the nuisance by order of the police jury, and in conformity with an ordinance passed to that effect.

Judgment was given in favor of the defendants in the District Court, and a new trial having been asked, and refused, the plaintiff appealed.

In the course of the trial several bills of exception were taken, which the opinion we have formed does not make it necessary to notice.

The act further defining the organization, authority and functions of the police juries, approved the 25th March, 1813, authorizes them to make all such regulations as they may deem expedient:

For the making and repairing of causeways, dikes, and sewers.

For the clearing of banks of rivers and navigable streams, for the purpose of securing a free passage for boats and other small crafts. They are likewise empowered to cause to be opened again, such ancient natural drains as have been obstructed by the owners of the adjacent lands, and to prescribe the mode to be observed in that respect. 2 *Moreau's Digest*, 241, 242.

It is difficult to conceive a case that would come more clearly within the legitimate exercise of those powers than that which has given rise to the present suit. The plaintiff had not merely obstructed the banks of the river; he had

stopped the river itself, and that river a branch of the Mississippi, and the only water communication between that stream and one of the oldest and largest settlements in the state.

The plaintiff has alleged, that the work complained of was erected on his own land, and could not be destroyed without his consent; but he shows no title, and the witnesses only say that the water course over which the dike was constructed runs through .his land; the evidence of the same witnesses shows, that this water course and the other pass of False River, were at one time the only channel of the Mississippi; that the other pass is and has long been entirely obstructed by a raft, and that the pass upon which the dike was constructed is at the present time the only water communication between the Mississippi, False River, and the several streams which receive their waters from False River. We have no doubt, from the testimony, that this pass has in

The construction of dikes and levees, and removal of obstructions in the beds of rivers and navigable streams, are under the exclusive jurisdiction of the police jury in the parish through which these streams run.

So, where the defendants by order of the police jury of Pointe Coupée, cut away a dam, and removed the obstructions in the bed, and which had been made across False River, by the plaintiff: *Held*, that they were not liable in an action for damages at the suit of the plaintiff.

a great measure been filled up by the deposits of the Mississippi, but it is conclusively shown that it is not yet susceptible of private ownership. The construction of dikes upon it, and the removal of obstructions in its bed or on its shores, are, therefore, under the exclusive jurisdiction of the police jury, and judging from the course pursued by them in this instance, power could not be placed in safer hands. The solemn and guarded manner in which they proceeded in the exercise of an undoubted right, is worthy of all commendation. Upon receiving the petition of the inhabitants of False River, they appoint a committee of their own *body*, to examine the premises and report. A report favorable to the petitioners' demand being made, they resolve that the nuisance shall be abated, and pass an ordinance accordingly. They add another member to the committee already named; they take care to provide that two shall form a quorum, and they order the committee to go and clear the stream of all obstructions, if the plaintiff, on their request to that effect, refuses to do it himself. The plaintiff refuses, and the deed is done. We are of opinion that it was lawfully done, and that the plaintiff ought to take nothing by this action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.