No. 4467.

STATE OF LOUISIANA ex rel. DANIEL B. GORHAM *v.* F. F. MONTGOMERY.

Police juries are not prohibited from appointing a district attorney *pro tempore* after the lapse of the thirty days mentioned in the statute creating that office. But in that event, the statute confers the same power on the parish judges, and the party that first exercises the power exhausts it. The purpose of the law is to guard against the probability of a vacancy.

A police jury is not a legislative body, and its members are not legislators who become *functi officio* with the expiration of the terms for which they were elected or appointed, but can lawfully administer the powers confided to them till their successors are elected and qualified. Revised Statutes of 1870, sec 2608.

The term of office of the District Attorney is four years, and the District Attorney *pro tem.* holds office for the same period. Revised Statutes of 1870, sec. 1178.

A police juryman is not an officer in the intendment of that clause of the constitution prohibiting a person from holding more than one office, except that of justice of the peace.

That clause of the constitution applies only to constitutional offices, and does not prevent a constitutional officer from holding a municipal office.

APPEAL from the Thirteenth District Court, parish of Carroll. *Hough*, J. *Hiram R. Steele*, District Attorney, for relator and appellee. *W. B. Spencer*, for defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Kennard.

WYLY, J. The District Attorney, on the information of D. B. Gorham brings this suit in the name of the State under the intrusion act, to have the defendant declared an intruder into the office of district attorney *pro tem.* and to have said Gorham decreed to be entitled to said office and inducted therein. The demand was rejected by the court below and the plaintiffs have appealed.

It appears that Gorham was appointed in December, 1870, to fill the vacancy occasioned by the resignation of H. W. Drake, and that he continued to administer the office of district attorney *pro tem.* till the twenty-fifth November, 1872, when the defendant was appointed to said office by the police jury of the parish of Carroll and took charge thereof, after qualifying, according to law.

The relator contends—

*First*—That his term of office had not expired on twenty-fifth day of November, 1872, the day when the defendant was appointed by the police jury.

*Second*—That the police jury had no right to make the appointment because under the law the appointing power was alone with the parish judge.

*Third*—That if the police jury had power to appoint, it could not exercise it on the day of the appointment of the defendant, twenty-fifth November, 1872, because that body being a legislative body was then *functus officio*, the terms of its members having expired before twenty-fifth November, 1872.

The law authorizing the appointment of district attorneys *pro tem.* declares that:

" Within thirty days after the date of the promulgation of this act there shall be appointed a district attorney *pro tempore* in each parish in this State, except the parish of Orleans, by the police jury of the parish. And in the event of the failure of the police jury to make such appointment, and in the event of the death, resignation or other disability of such district attorney *pro tempore* to attend to the duties required of him in this act, the parish judge shall fill the vacancy by appointment, to continue for the time for which the district attorney for the district was appointed or elected. The district attorneys *pro tempore* authorized to be appointed by section 1178 of this act shall hold their offices for and during the same period the district attorney for the judicial district was elected or appointed. * * * " Revised Statutes of 1170, sections 1178 and 1879.

The term of office of the district attorney is four years ending on the first Monday of November (Constitution articles 92 and 158), and the district attorney *pro tem.* holds office for the same period. Consequently on the twenty-fifth of November, 1872, the term of D. B. Gorham as district attorney *pro tem.* for the parish of Carroll, had expired. That the police jury may appoint a district attorney *pro tempore* after the lapse of the thirty days mentioned in the act, was expressly decided in the State ex rel. Rills *v.* Lynch, 23 An. 786.

In that case the court held that: " The statute does not prohibit the police juries from making the appointments after the thirty days, but in that event the statute confers the same power on the parish judges. The purpose of the law was to guard against the possibility of a vacancy in the office, and after the expiration of thirty days either the police jury or the parish judge can appoint a district attorney *pro tempore*, and the party which first exercised the power exhausted it." See also 3 An. 195; 14 An. 207; Cooley's Constitutional Limitations, 77. This disposes of the first and second grounds set up by the relator.

The third ground is equally untenable. The police jury is not a legislative body whose members become *functus officio* at the expiration of their terms of office, and who do not hold over till their successors are chosen and inducted into office. Police jurymen are the officers of a political corporation, and they continue in office after the expiration of their terms till their successors are inducted into office.

" All officers, whether appointed or elected, shall hold their offices and discharge the duties thereof until their successors are elected or appointed, as the case may be, and duly qualified." Revised Statutes of 1870, section 2603.

The relator, however, argues that police jurors are legislators, and not officers; because it was decided in the case of Voorhies *v.* Fournet, 15 An. 598, that Fournet, the clerk of the district court of the parish of St. Martin, could hold the office of police juror of said parish on

the ground that " a police juryman is not an officer" in the intendment of that clause of the constitution prohibiting a person from holding more than one office, except that of justice of the peace. That decision merely shows that the inhibition of the constitution referred to only applied to constitutional officers. It did not prevent a constitutional officer from holding a municipal office, and this was only affirming the doctrine laid down in Dorsey v. Vaughan, 5 An. 155, and in State v. Blanchard, 6 An. 516. Because the office of a police juror is not a constitutional office, it by no means follows that it is no office at all. There are many offices that were not created by the consti.ution ; and the General Assembly had undoubted authority to create them. Now if the officers of the various political corporations of the State had no other warrant for holding over till their successors were inducted into office, except article 122 of the constitution conferring this right, perhaps they would not be authorized to hold over on the theory that article 122 referred to the incumbents of State offices and not to those of a political corporation. And this would be the analogy from the decisions cited by the relator. But the statutes of the State provide that " All officers whether elected or appointed shall hold their offices and discharge the duties thereof until their successors are elected or appointed, as the case may be, and duly qualified." So, therefore, whether article 122 of the constitution applies or not to officers of a political corporation is of no consequence. Because the clause of the statute quoted applies to every officer of the State, whether he holds a State, parish or municipal office, or the office of any political corporation. In the constitution is found ample authority for the General Assembly to create political corporations and to create offices by which they may be administered; but that instrument will be searched in vain to find authority to create a legislative department. It declares, article 15, that : " The legislative power of the State shall be vested in two distinct branches, the one to be styled the house of representatives, the other the senate, and both the general assembly of the State of Louisiana."

It is therefore evident that the police jury is not a legislative department, and that its members are not legislators who became *functus officio* with the expiration of the terms for which they were elected or appointed.

The police jurors of the parish of Carroll had therefore authority to continue in office after the first Monday of November, 1872, and could lawfully administer the powers confided to them till their successors were elected and qualified. At the time of the appointment of the defendant, twenty-fifth November, 1872, their successors were not elected and qualified. Our conclusion is that there is no error in the judgment of the court *a qua* rejecting the demand of the plaintiff.

Judgment affirmed.