No. 11,010.

PARISH OF CONCORDIA VS. NATCHEZ, RED RIVER & TEXAS RAILROAD COMPANY.

Police juries have the power to regulate the direction, the making and the repairing of the roads, bridges, causeways, dikes and levees.

They also have authority to cause to be opened such ancient natural drains as have been obstructed by the owners of the adjacent lands in points of land on the Mississippi or other water courses divided among several proprietors, also to adopt a system of drainage.

The right sought to be vindicated is not included in any of these powers.

The police jury has no authority to institute suits to enforce a servitude by a servient estate or to have embankments leveled, in matter of a private nature and not included in its powers.

Prior laws are not repealed by subsequent ones unless by positive enactments or clear repugnancy.

They should, if possible, be considered and construed together and their differences reconciled.

APPEAL from the Ninth District Court, Parish of Concordia.
    Young, J.

---

Luce & Lemle for Plaintiff and Appellant:

1. The power is vested in the police juries of the respective parishes over drainage, and to remove obstructions to natural drainage of the lands along water courses of the State and the Mississippi river. R. S., Sec. 2743; 13 La. 114; 5 An. 424; 6 An. 97; 12 An. 554; 40 An. 425.

2. The division of parishes into drainage districts, as provided under Act 107 of 1888, is not mandatory, and does not by implication repeal statutes vesting power in police juries for drainage purposes. 13 An. 329; 20 An 140; 24 An. 156.

*Elam & Dagg* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.   The police jury of the parish of Concordia instituted this suit against the defendant company for the purpose of having removed all obstructions and embankments and closing drains alleged as natural; these drains being sloughs, bayous and low places, alleged as having been closed by defendant's railroad embankment.

Plaintiff avers that the drainage of certain plantations, especially of the five plantations, designated by name, viz., Concordia, Fletcher, Hellena, Panola and Clearmont, is obstructed and damaged, and that at times these plantations are flooded and thereby made uncultivable.

That the obstructions also impede the flow of water and the drainage of other plantations than those named, which are also thereby damaged.

That these plantations front on Lake Concordia, now a part of the Mississippi river, and drain through the obstructed places south or southwest of defendant's railroad embankment into Crocodile bayou and Red river.

That the waters from several streams are obstructed and impeded by this embankment, thereby causing great damage.

Petitioners pray that all obstructions and embankments closing the natural drains be removed.

The owner of one of these plantations, the Helena, is also one of the parties to the suit, personally and as president of the police jury.

Defendant's exception, which was sustained by the court in so far as the parish was concerned and overruled as to the other plaintiff, presented as grounds that the police jury has no interest in the suit and that in matter of drainage its authority is limited to the power delegated by Act 107 of 1888, and the amendment thereto, Act 83 of

Parish of Concordia vs. Natchez, Red River & Texas Railroad Co.

1890. The defendant also alleges that plaintiffs have no cause of action.

Police juries have the power to regulate the direction, the making and the repairing of the roads, bridges, causeways, dikes and levees.

They also have authority to cause to be opened such ancient natural drains as have been obstructed by the owners of the adjacent lands in any town, or when a point of land on the Mississippi, or other water course, shall be divided among several proprietors, and to cause any water course which is not navigable to be filled for the purpose of a highway; and "whenever, on application made by " more than twelve inhabitants of a town, suburb, or other place " divided into house lots, or when a point of land on the Mississippi " or other water course shall be divided among several proprietors, " it shall be found necessary to dig one or more common draining " ditches, the said juries shall have the power to ordain that the " said ditches be dug at the expense of the owners of the lots, and " that the expense be borne by a contribution among the owners, to " be levied in such manner as the jury shall prescribe, saving to " individuals or persons aggrieved the right of suing for the making " or opening of such natural or artificial draining when unnecessary " or damaging to them." R. S. 2743.

Police juries are limited to the exercise of the authority delegated to them, and its exercise must be by general ordinance. *Jura non in singulas personas, sed generaliter constituuntur.* Their functions should be exercised in parochial interests and others of a general or public character. "Police juries have only express powers and these incidental to powers so expressly granted. The Legislature has limited and defined the powers granted." 41 An. 53.

In matter of roads, bridges, causeways, dikes and levees they have full authority to have drains opened when it becomes necessary to the protection of these interests. All drains which, by being closed, are damaging to roads, bridges, causeways, dikes, levees, may be opened. This does not confer the authority and the responsibility of acting when the interests are private, and no community or settlement has the least cause to be concerned.

In establishing a general system of drainage or in the building of dikes for the purpose mentioned, police juries can maintain suits.

They also have the authority to cause to be opened ancient drains or water courses on lands divided among certain proprietors.

This does not give the right, in a suit, to vindicate rights of servitudes in any case which may arise.

In Sicard vs. Clity et al., 13 La. 114, a large settlement was interested in reopening a navigable stream, "and that river a branch of the Mississippi river, and the only water communication between that stream and one of the oldest and largest settlements in the State." The use was public, and the right of the police jury to sue was maintained.

Upon reference to the transcript of appeal in Avery vs. Police Jury, Iberville, 12 An. 556, we find that it discloses that more than fifty inhabitants were interested in lands in the vicinity, and that the area of land affected by the drain was large.

The plaintiff had enjoined the enforcement of "an ordinance adopted for the purpose of draining a point of land in the Mississippi."

It is not shown by plaintiff's petition that the suit seeks to vindicate a public right, or to enforce a system of drains to be observed in reopening an ancient natural drain of land on a water course divided among several proprietors.

The question is one strictly with reference to the servitude due to the alleged dominant estates, and being a private matter it does not devolve upon the police jury to institute suit to vindicate whatever right there may be.

The question of the repeal of the laws relating to drainage by the Act 107 of 1888 and the amendment thereto, Act 83 of 1890, does not require consideration in this case.

By these, the police juries were authorized to divide the parishes into drainage districts; they are directed to appoint commissioners, whose duties are defined.

The method of the enforcement of the law has been changed in some respect. The prior law is not entirely repealed.

"Prior laws are not repealed by subsequent ones, unless by positive enactments or a clear repugnancy in their respective provisions." Johnston vs. Pilster, 5 R. 77.

This action is not maintainable considered under either law—the prior or the subsequent. Judgment affirmed at appellant's cost.