'(80 South. 656)

No. 22821.

PARISH OF ST. LANDRY v. TEXAS & P. RY. CO.

(Jan. 6, 1919.   Rehearing Denied Feb. 3, 1919.)

*(Syllabus by the Court.)*

WATERS AND WATER COURSES ☞179(1)— DAMS—RIGHT OF ACTION—POLICE JURY.

A police jury is without authority to bring a suit for the settlement of a dispute between individuals, or between individuals and a railroad company (not acting by its authority), for the removal of an alleged obstruction, interposed by the one party to the drainage of the land, plantation, or home of the other; and a resolution to that effect furnishes no authority for the bringing of a suit to remove such obstruction, on the ground that it interferes with the use of a public road.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by the Parish of St. Landry against the Texas & Pacific Railway Company. From a judgment ordering defendant to remove an obstruction from the channel of Bayou Petit Prairie, defendant appeals. Reversed, exception of no cause of action and no right of action sustained, plaintiff's demand rejected, and suit dismissed.

Howe, Fenner, Spencer & Cocke, of New Orleans, and William H. Peterman, of Alexandria, for appellant.

R. Lee Garland, Dist. Atty., Veazie & Mistric, and Peyton R. Sandoz, all of Opelousas, for appellee.

Statement of the Case.

MONROE, C. J. Defendant prosecutes this appeal from a judgment ordering it to remove a certain obstruction in the form of a dam or dyke from the channel of Bayou Petit Prairie. The petition reads, in part:

"The petition of the parish of St. Landry, herein represented by its police jury, composed as follows" (giving the names of the members) "and acting by virtue of a resolution of said police jury adopted at its session held on the 1st day of June, A. D. 1914, a certified copy of which is hereto attached, respectfully represents."

And it is then represented that Bayou Petit Prairie is a natural drain for a large water shed, including lands and public roads in the Fourth ward of that parish; that, in 1906, defendant built a dam across it, in which there are left only two openings, 3x9 feet each, which are so adjusted and elevated as to obstruct the natural flow of the water, the resulting effect being the inundation of lands in adjoining farms and public roads, and the infliction of continuous damage and loss upon the ward to the extent of $500 annually; that the purpose of the dam is to create a reservoir from which water is drawn by defendant for its private use, and not for any public purpose; and that defendant should be ordered to remove it; and the petition so prays.

The resolution, which is annexed to the petition and which is alleged to furnish the authority for the bringing of the suit, reads, in part:

"Whereas, great damage and loss have been occasioned to lands, plantations and homes of the people residing in the Fourth ward * * * by the act of the * * * railroad company in placing dams and other obstructions in the natural drains of said ward in order to create reservoirs from which the company draws water for its own purposes; and

"Whereas, this is especially true as to the drain placed by the said company across Bayou Petit Prairie: * * *

"Resolved * * * that said * * * company be and it is hereby ordered to remove the dam * * * and thereby restore the natural flow of water. * * *

"Resolved * * * that 90 days from notice hereof are allowed * * * in which to comply with the provisions of this ordinance, and R. Lee Garland, district attorney, and ex officio, attorney of the police jury, is hereby required, at the expiration of the delay allowed herein, to bring the necessary legal proceedings against

said railroad company in order to compel compliance with the letter and spirit of this resolution."

Defendant excepted, on the ground that the petition discloses no cause and no right of action, for the reason, as it is alleged:

"That said petition states that the police jury, representing the said plaintiff, is acting by virtue of a resolution of said police jury attached to said petition; that said resolution recites that the dam or embankment described in said petition has caused great damage and loss only to the lands, plantations and homes of the people residing in the Fourth ward of the parish; * * * that the police jury acting as the representative of said parish has no legal right to sue or stand in judgment solely upon a demand for damages or loss to private property; and that said police jury was not authorized by said resolution to sue for damages for obstructing the drainage of public roads."

The exception was overruled. Defendant answered. There was a trial on the merits and judgment as herein above stated.

### Opinion.

The only power vested in police juries with respect to actual drainage or obstruction to drainage seems to be that conferred by the act of 1813, as contained in R. S. 2743, par. 13, which relates exclusively to natural drains in towns, suburbs, and other places divided into house lots, and upon points of land on the Mississippi river. It is true that, by constitutional ordinance and more recent legislation, police juries are authorized to create drainage districts in their respective parishes, and to provide boards of commissioners therefor (Acts 12 of 1900; 159 of 1902; 317 of 1910); but the power to take the steps required for the actual drainage of such districts is vested in the boards, so to be created. It might very well be argued that the power vested in the police juries, "to make all such regulations as they may deem expedient, * * * as to the proportion and direction, the making and repairing of the roads, bridges, causeways, dikes, levees and other highways" (R. S. 2743, § 2), would be sufficient to enable them to cause the removal of a dike which brings about the inundation of a public road. But, in this instance, the parish comes into court, as plaintiff, through the police jury, acting (as the petition alleges) by virtue of its own resolution, which is attached to the petition, and which discloses authority to bring a suit, not upon any cause of action connected with the public roads, but for the settlement of a difference concerning the drainage of "lands, plantations and homes of the people residing in the fourth ward of the parish," which has arisen between the individuals by whom that property is owned and a railroad company that is said to be obstructing its drainage; in other words, a difference as to certain private rights which the law authorizes the parties in interest to litigate among themselves, and with respect to which it does not authorize the police jury to represent or stand in judgment for either of them. The inclusion in the petition of the complaint that the public roads are interfered with, not being authorized by the resolution in virtue of which the petition alleges that the suit is brought, learned counsel now say that the police jury might bring a suit on that account without any resolution. But, pretermitting the question whether that body can authorize a suit otherwise than by corporate, or united action, it seems sufficient, for present purposes, to say that, where such action has been taken and is exhibited as the sole authority for the bringing of a particular suit, it cannot serve as authority for the bringing of a suit other than that specified, predicated upon another cause and involving other persons and other interests.

"The police jury [this court has held in a somewhat similar case] has no authority to institute suits to enforce a servitude [due] by a servient estate, or to have embankments leveled, in a matter of a private nature and not included in its power." Parish of Concordia v. Natchez,

etc., R. Co., 44 La. Ann. 613, 10 South. 809 (syllabus).

It is therefore ordered that the judgment herein appealed from be annulled; that the exception of no cause and no right of action be sustained; that plaintiff's demand be rejected; and that this suit be dismissed at its cost in both courts.

O'NIELL, J., takes no part, not having heard the argument.

DAWKINS, J., takes no part.