BRUNOT, J.
 

 Plaintiff owns certain land in Jefferson parish on which it proposed to erect an ice factory, modern in every respect, ornamental in design, and noiseless in operation. The police jury of Jefferson parish adopted a resolution, prohibiting the erection of any establishment in the parish of Jefferson using coal, oi,l, electricity, or any other motor power for the operation of its business without having first secured from the police jury of Jefferson parish a permit for the establishment of such a plant.
 

 The ordinance adopted by the police jury is as follows:
 

 “Section 1. That from and after this date it shall be unlawful for any person, persons, or corporation to erect, construct, maintain, or operate any establishment using coal, oil, electricity, or any other motor power for the operation of its business within the confines -of the parish of Jefferson unless and until said person, persons, or corporation shall first have secured from the police jury of the parish of Jefferson a permit for the establishment, maintenance, and operation of such plant or business.
 

 “Section 2. Be it further ordained that any person, persons, or corporation desiring to construct, maintain, or operate any business requiring motive power of coal, fuel, or electricity for the operation of its establishment or plant shall, prior to beginning construction thereof, file a written request with the secretary of the police jury, with a blue print of the proposed establishment, designation of its location, and nature of the business to be conducted, that at the next regular meeting following the filing of said application, the police jury shall, by resolution, either grant or refuse said permit.
 

 “Section 3. Be it further ordained that any person, persons, or corporation, violating any of the provisions of this ordinance, shall be deemed a public nuisance and shall be fined for each day that- construction is continued, in violation of this ordinance, not less than $5, nor more than $25 for each offense, each day that said construction is continued in violation of this ordinance shall be considered a separate offense and subject to a separate penalty.”
 

 The plaintiff ignored this ordinance and proceeded to build its ice factory. An officer of the company was arrested by the sheriff and constable, and this suit followed, in which plaintiff prayed for an order restraining the police jury and the sheriff and constables of the parish from executing the foregoing ordinance. A rule nisi issuéd, and, after a hearing, the court ordered that the police jury, sheriff, and constables of the parish, upon plaintiff' furnishing bond in an amount fixed by the court, be temporarily restrained from interfering with plaintiff in the construction of its ice plant. On a final hearing the ordinance of the police jury was held to be void, unconstitutional, and an invasion of the property rights of plaintiff, and, on that grouiid and for the further reason that the ordinance was arbitrary and discriminatory, the court issued the injunction plaintiff had prayed for. From this judgment the police jury appealed.
 

 In considering this case, we are impressed with the fact that, while police juries are the legislative bodies of the several par
 
 *617
 
 ishes, their powers are limited, and they can exercise no power beyond that which is germane or incidental to the powers which have been delegated to them by the Legislature.
 

 The contention of the plaintiff is:
 

 “That the police jury has no power to adopt such an ordinance as the one here complained of. That, even if they had the power, * * * it is within the arbitrary power of the police jury to refuse or grant such a permit, and that the ordinance deprives plaintiff of its property without due process of law.’
 

 We need not consider the question raised as to due process of law for the reason that no power is conferred upon police jurors to zone the parish and to designate in what sections of the parish particular legitimate businesses may be conducted. So far as we know, the only laws applicable to zoning apply to municipalities, and not to police juries. The powers conferred upon police juries are enumerated in section 2743 of the Revised Statutes and certain acts of the Legislature. They have extensive powers in relation to some subjects, but limited powers in relation to others. Their powers embrace the following subjects:
 

 Regulations for their own government.
 

 Making and repairing roads and levees.
 

 Clearing rivers and streams for navigation.
 

 Form and height of fences and inclosures.
 

 Marketing, slaughtering, and s.ale of cattle.
 

 Regulating grog and liquor shops.
 

 Fixing the quantum of fines for violations of their ordinances.
 

 Levying taxes for defraying expenses of parish.
 

 Ferries and their control, etc.
 

 Appointing parish treasurer.
 

 Appointing officers to carry into execution parish regulations.
 

 Care of the poor and indigent, etc.
 

 To regulate trespassing, etc.
 

 Rate of tolls for bridges and roads.
 

 Providing means for combating contagious diseases.
 

 To sue and be sued in certain cases.
 

 To appoint road syndics, etc.
 

 To lease land of the parish.
 

 To let advertising contracts.
 

 To support the sick and infirm.
 

 To provide for the relief of destitute persons.
 

 To aid the Charity Hospital.
 

 To regulate hawking and peddling.
 

 Authorizing appropriations in aid of farmers.
 

 To provide for experimental farms.
 

 To suppress gambling.
 

 In aid of students of agriculture.
 

 Governing hedges and fences.
 

 Donating lands to the United States. Survey of township lines.
 

 Tax for criminal proceedings.
 

 Tax on dogs.
 

 License tax for severing natural products.
 

 Preservation of wild game and fish.
 

 Prohibiting the killing of game animals.
 

 Prohibiting killing of alligators.
 

 Violation of game laws.
 

 Protecting sheep industry.
 

 Hiring out prisoners.
 

 Franchise over public roads.
 

 Building roads.
 

 Public roads.
 

 Franchises on public lands. •
 

 Road districts, etc.
 

 Live stock sanitary commissions.
 

 Navigation districts.
 

 Drainage districts.
 

 Drainage tax levies.
 

 Drainage subdivisions.
 

 Surveys of drainage canals.
 

 Rights of way to United States.
 

 ■ Drainage canals.
 

 There may be some grants of power which we have not enumerated, but the.Legislature has never delegated to the police juries of the several parishes of the state the power to regulate the location and establishment of
 
 *619
 
 any legitimate commercial or manufacturing business in tbeir respective parishes.
 

 “It has been frequently determined that police juries are political corporations whose powers are specially defined by the Legislature, and that they can legally exercise no other powers than those delegated to them.” Sterling v. West Feliciana Parish, 26 La. Ann. 59; State v. Montgomery, 25 La. Ann. 138; Ouachita Parish v. Monroe, 38 La. Ann. 630; State v. Miller, 41 La. Ann. 53, 5 So. 258, 7 So. 672; Concordia Parish v. Natchez R. R., 44 La. Ann. 613, 10 So 809.
 

 In the recent ease of City of New Orleans v. Sanford, 137 La. 628, 69 So. 35, L. R. A. 1916A, 1228, we said:
 

 “But the case stands differently where this health officer is authorized in his discretion to allow an owner whose building falls in class A according to the terms of the ordinance, and must therefore be concreted, to merely tar-cmder the building as if falling in class B under the ordinance. The effect of this discretion is to leave it optional with the health officer whether the ordinance shall be enforced or not according to its terms against persons whose buildings fall in class A. The favorites of the officer might be allowed to tar-cinder, while all others would have to concrete. Such a delegation of power is, it is needless to say, null; and the sole question must be whether its nullity entails the nullity of the ordinance.
 

 “We are constrained to hold that it does. A law which discriminates between individuals of the same class is null; and a law does so discriminate when it leaves to the discretion of an officer to exempt from its operations particular individuals belonging to the class upon which according to its terms it operates.”
 

 The ordinance attacked in this suit does not provide-a fixed rule governing all persons, similarly situated, alike, but leaves the granting or refusal of a permit, in each case, to the whim or pleasure of the police jury. Such an ordinance is null, but we prefer to base this decision upon our conclusion that the police jury exceeded its powers in the premises, and the ordinance attacked should be avoided for that reason.
 

 The judgment appealed from is therefore affirmed, at appellant’s cost.
 

 O’NIELL, C. J., concurs in the decree.