151 So. 767

## FRENCH v. POLICE JURY OF CATAHOULA PARISH.

No. 32524.

Nov. 27, 1933.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

John Dale, Jr., Dist. Atty., of Vidalia (Jos. M. Reeves, of Vidalia, of counsel), for appellee.

LAND, Justice.

On July 9, 1919, the police jury of Catahoula parish created road districts 1, 2, and 3, and issued bonds for each of these districts in accordance with an election theretofore held.

These bonds were advertised for sale, and on October 3, 1921, Smith Bros. submitted bids on all of the bonds, which were accepted by the police jury on October 4, 1921.

Plaintiff alleges in his original petition that on or about June 1, 1932, or not long prior thereto, he acquired all of the right, title, and interest of Smith Bros. in these bids, and especially the right to name the depositary for the annual tax levied to pay the interest and amortize the principal of the bonds.

Plaintiff prays for judgment decreeing him, as assignee of Smith Bros., to be entitled to name a depositary or fiscal agent for the fund or funds derived from the tax levied for the retirement of the principal and interest of the bonds, beginning with the taxes collected for 1932, in accordance with the terms of the several offers of Smith Bros. and the acceptance of same by the police jury of Catahoula parish.

In answer to an exception of vagueness, plaintiff avers that he acquired whatever rights Smith Bros. owned in 1932, and particularly the right to name a depositary for the taxes collected for year 1932 and subsequent years, but that plaintiff did not acquire, nor does he now own, any of the bonds acquired by Smith Bros.

Plaintiff further avers in his answer to the exception of vagueness, that he knows of

no other fund than that resulting from the annual tax to be levied and collected for 1932 and future years to pay the interest and amortize the principal of the bonds, and that the fund resulting from the sale of the bonds has long since been expended for the purposes for which the bonds were sold.

To plaintiff's original petition, as amended, defendant filed an exception of no cause of action, which was maintained, and plaintiff's suit was dismissed at his cost. Plaintiff has appealed.

Plaintiff does not claim to own any of the road bonds in question, and the funds realized from their sale have long since been spent, as admitted under the allegations of plaintiff's petition.

The only question then to be considered, under the exception of no cause of action, is whether or not plaintiff, as assignee of Smith Bros., the original bidders, can now name the depositary of this retirement or sinking fund.

█ In support of the exception of no cause of action, defendant argues that the bidder on bonds, under section 6 of Act No. 30 of 1917 (Ex. Sess.), the statute applicable to the case, is confined to naming a depositary for the original proceeds of the bonds, and that such depositary must be designated in the bid at the time it is made, and cannot be designated thereafter.

That part of section 6 pertinent to this case reads as follows:

"The award of said bonds shall be at a price not less than the price fixed by the Constitution. The proceeds of sale of said bonds when paid into the treasury of the road dis-

trict or of the parish, as the case might be, shall be deposited with the fiscal agent of the district or of the parish, which fiscal agent may be chosen by the governing authority in such way and under such conditions as in the discretion of said governing authority will aid materially to the sale or disposition of the bonds. There may also be coupled with the bid for the purchase of bonds the conditions that the proceeds of all said bonds shall be deposited in some designated bank to act as fiscal agent of the parish or district for the road fund, the said fiscal agent to pay no interest for the deposit as part of the consideration for the purchase of the bonds."

It is clear that this section of Act No. 30 of 1917 provides only for the depositary of the funds received from the sale of the bonds and says nothing about the retirement fund.

The paragraph of the bid of Smith Bros., assignors of plaintiff, for bonds of road districts 1 and 2, reads as follows: "We to name the fiscal agents for the deposits of the proceeds of said bonds and tax, the banks of Catahoula Parish, La., to have the preference. The fiscal agents to be banks in the State of Louisiana, and without interest to you."

The paragraph of the bid of Smith Bros. for bonds of road district 3 is as follows: "We to name the fiscal agents for the deposits of the proceeds of said bonds and depositary of the tax for interest and principal, the said fiscal agents to be banks or bank in the State of Louisiana, the banks of the Parish of Catahoula to have the preference. The deposits and fiscal agents to be without interest to you."

The bid of Smith Bros. in both cases includes the naming of fiscal agents not only for "the proceeds of the sale of the bonds," which has passed out of the case, but also "the proceeds of the tax for interest and principal."

The latter stipulation in the bid is clearly an enlargement of the statute. It was entered into without any authority whatever on the part of the police jury of Catahoula parish, or the governing body of the road districts, and must be considered by this court as not written in these bids.

It is elementary that police juries are political corporations whose powers are expressly defined by the Legislature, and that they can legally exercise no other powers than those delegated to them. American Ice Co. v. Police Jury, 162 La. 619, 110 So. 878; Union Sulphur Co. v. Parish of Calcasieu, 153 La. 860, 861, 96 So. 787; Police Jury v. Harper, 42 La. Ann. 776, 7 So. 716; Concordia Parish v. N., R. R. & T. R. R. Co., 44 La. Ann. 613, 10 So. 809; Ouachita Parish v. Monroe, 38 La. Ann. 630.

The Legislature was well aware when bonds are issued for the building of roads in this state that two different funds would result: The road fund, consisting of the proceeds of the sale of the bonds; and the retirement or sinking fund, consisting of the proceeds of the tax collected for the payment of the principal and interest on the bonds.

Yet the lawmaking body of this state saw fit to restrict, by Act No. 30 of 1917 (Ex. Sess.), the right of a bidder on bonds to name a fiscal agent only for "the proceeds of sale of said bonds," and, necessarily, the statute must be read into the bid.

Under this view of the case, we do not find it necessary to pass upon the question whether it is the duty of a bidder, under section 6 of Act No. 30 of 1917 (Ex. Sess.), to designate a particular bank in his bid.

Judgment affirmed.

O'NIELL, C. J., concurs, being of the opinion that the bidder should designate the depositary in his bid.