### BAY STATE WHOLESALE DRUG CO. v. POTTER.

(District Court, D. Massachusetts. January 12, 1922.)

#### No. 1409.

1. **Intoxicating liquors ⊕⟹106(1)—Authority to revoke permits in Commissioner of Internal Revenue.**

    Under Prohibition Act, title 2, §§ 5, 9, providing for a hearing by the holder of a revoked permit to review the action of the commissioner, who by title 2, § 1, cl. 3, the "commissioner" is the Commissioner of Internal Revenue, and Regulation 60, § 16, delegating this power to the federal Prohibition Commissioner.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Commissioner.]

2. **Intoxicating liquors ⊕⟹106(1)—No power in federal prohibition director to revoke permits.**

    A federal prohibition director has no power to revoke a liquor permit.

3. **Intoxicating liquors ⊕⟹108(10)—Commissioners of Internal Revenue and federal Prohibition Commissioner parties to suit to review revoked permit.**

    Revocation of a permit being ultimately the act of the Commissioner of Internal Revenue, in a proceeding to review action of the federal prohibition director in revoking a liquor permit, the Commissioner of Internal Revenue and the federal Prohibition Commissioner are necessary parties.

4. **Equity ⊕⟹38—Bill reviewing revocation of permit, etc., retained as proceeding for return of liquors unlawfully seized.**

    In a bill to review the action of a federal prohibition director in revoking a permit and for return of liquors, where the bill shows no valid revocation, and defendant is before the court and subject to its jurisdiction, the bill will be retained as a proceeding for the return of liquors illegally seized.

---

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Bay State Wholesale Drug Company against Elmer C. Potter, Federal Prohibition Director. On motion to dismiss. Bill dismissed as to review of revocation of permits, but retained as proceeding for return of liquors illegally seized.

Arthur P. French, of Boston, Mass., for plaintiff.

Wm. J. White, Jr., Asst. U. S. Atty., of Lowell, Mass., and Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass., for defendant.

MORTON, District Judge. The bill of complaint alleges that the complainant received permits issued by the Prohibition Commissioner under date of July 26, 1920, authorizing it to use intoxicating liquor in the manufacture of medical preparations and to sell intoxicating liquor for other than beverage purposes to persons authorized to purchase it; that on September 8, 1920, while its permits were outstanding, a lot of liquors described in the petition, of which it was rightfully in possession, were wrongfully seized by a federal prohibition agent, and are now under the control of the respondent as federal prohibition director for this district; that on January 26, 1921, Mr. Daniel F. O'Connell, then federal prohibition director for this district, duly notified the complainant to appear before him and show cause why the permits to it above referred to should not be canceled for violations of the provisions of the Prohibition Act (41 Stat. 305) ; that a hearing was held, and that on March 12, 1921, an order was made by Mr. O'Connell canceling and revoking the permits upon the grounds that the complainant had violated certain sections of the Prohibition Act and had not in good faith conformed to the act and to the terms of the permits. The bill charges that this action of Mr. O'Connell was without warrant in fact or law; that the seizure of liquor on or about September 8th was also illegal; that the retention of the liquor seized is illegal; and that the complainant is entitled to the return of it. The prayers of the bill are that the action of Mr. O'Connell, as prohibition director, in revoking and canceling the permits, be set aside, and that an order be entered directing the return of the seized liquor.

[1, 2] Permits of the character in question are provided for by the Prohibition Act and in the regulations under it. The act also provides (title 2, §§ 5 and 9) that a permit may be revoked after notice and hearing, and that the holder of a revoked permit may "by appropriate proceedings in a court of equity have the action of the Commissioner reviewed." Title 2, § 5. The "commissioner" referred to in the act means the Commissioner of Internal Revenue. Title 2, § 1, cl. 3. He is the official who, under the section referred to, has the authority to revoke such permits. By regulation 60 the Commissioner of Internal Revenue delegated this power to the federal Prohibition Commissioner. Regulation 60, § 16.

It thus appears that the power to revoke the permits here in question was, at the time in question, lodged in the federal Prohibition Commissioner. There is nowhere any delegation of his power to the federal prohibition director. On the allegations of the bill, however, the Commissioner did not pass upon the revocation of these permits, which is alleged to have been done by Mr. O'Connell as prohibition director. He

had no power so to act. On the allegations of the bill there has not been a valid revocation of the permits, nor any proceeding proper in form to accomplish that result. It follows that there is nothing on which the bill in equity, under sections 5 and 9, to review the alleged revocation, can be based.

[3] Moreover, considered as a proceeding to review the action of the Commissioner in revoking a permit, the bill is fatally defective in parties. Revocation is the act ultimately of the Commissioner of Internal Revenue. According to the regulations, he acts through the federal Prohibition Commissioner. The Commissioner of Internal Revenue, or the federal Prohibition Commissioner, or perhaps both, are necessary parties to such a suit as this. Neither is a party to this bill or is before the court.

[4] There remains the question whether the bill can properly be retained as a proceeding for the return of liquor illegally seized. Upon this point it alleges an illegal seizure of the complainant's property, which is now being unlawfully held by the respondent, and it prays for an order directing the return of the property. Due service has been made upon the respondent, who holds the property, and he is now before the court and subject to its jurisdiction. In this respect the bill seems to me sufficient, and to come within cases already decided. For this purpose, and this alone, the bill will be retained, and the motion to dismiss overruled. So far as the bill seeks to review the revocation of the permits, it states no case, and lacks necessary parties, and the motion to dismiss on these points is sustained.

Ordered accordingly.