## MA–KING PRODUCTS CO. v. BLAIR, Com'r of Internal Revenue.

(Circuit Court of Appeals, Third Circuit. February 9, 1925.)

No. 3254.

Intoxicating liquors ⬤⟿69—Commissioner has discretion in the granting of permits to manufacture.

Prohibition Act, tit. 2, §§ 5, 6 (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c), vests the Commissioner of Internal Revenue with a responsible discretion in the granting of permits to manufacture liquor, and refusal of a permit to a corporation whose managing officers have been associated in business with persons charged with violating the law is proper.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson and Frederic P. Schoonmaker, Judges.

Suit in equity by the Ma-King Products Company against David H. Blair, Commissioner of Internal Revenue. Decree for defendant, and complainant appeals. Affirmed.

Louis Little, of Pittsburgh, Pa., and ·B. D. Oliensis and Francis Shunk Brown, both of Philadelphia, Pa., for appellant.

Walter Lyon, U. S. Atty., and George V. Moore, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BUFFINGTON, Circuit Judge. In the court below the Ma-King Products Company, a corporate citizen of New Jersey, filed a bill in equity against David H. Blair, Commissioner of Internal Revenue. It alleged it had duly made application, accompanied by proper bond, to said commissioner for a permit to operate an alcohol denaturing plant; that under the law he was empowered and authorized to grant such permit, but he had "arbitrarily, illegally, and without any reason or warrant in law or in fact" disapproved the application and refused to issue the permit. The bill prayed the court to revoke the finding and disapproval of the Commissioner, and ordered him to decree that he approve and grant the permit prayed for. Traversing the foregoing allegations of arbitrary and illegal conduct, the Commissioner made answer, and further set forth that he, "as the result of an investigation conducted by respondent's agents, is informed that Harry J. Bogash and ·Joseph H. Klutsch, respectively, presi-

dent and secretary-treasurer of the petitioning company, are not individually, or as officers of said petitioner, entitled to be intrusted with a permit of the nature and kind set forth in said bill of complaint, or any other permit under the provisions of the National Prohibition Act, and that therefore your respondent, upon said information, acted under full warrant of law and fact in disapproving the application of the petitioning company and declining and refusing to issue the permit prayed for by the petitioners."

Testimony was taken by both sides, and the case heard by Judges Thomson and Schoonmaker, of the Western District of Pennsylvania, who concurred that there was nothing in the record to justify them "in finding that the Commissioner of Internal Revenue, in refusing the application of the plaintiff for the permit for the establishment of a denaturing plant, abused the wide discretion vested in him by the act of Congress." From a decree dismissing the bill, this appeal is taken.

After an examination of the proofs in the case we are of the opinion the associations and business connections of Bogash and Klutsch, the principal officers of this company, were such that the Commissioner had ample ground for declining to issue the company the permit. The holder of such a permit is intrusted by the government with a power which subjects him to the approaches and bribes of law-breakers, and where, as in this case, the business associations of applicants have been with men whose conduct has already invited prohibition prosecutions against them, it goes without saying that the Commissioner would have been derelict in duty in granting them a permit.

But the appellants raise the further question that the Commissioner has no discretionary power, but his duty is mandatory to issue a permit. The controlling statutory law is plain. A brief reference to the pertinent parts shows the groundlessness of such contention. Section 6, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½c) provides: "No one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the Commissioner so to do," and "in the event of the refusal by the commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 5 hereof." That section provides: "The manufacturer may by appropriate proceeding in a court of equity have the action of the Commissioner reviewed, and the court may affirm, modify, or reverse the finding of the Commissioner, as the facts and law of the case may warrant." Comp. St. Ann. Supp. 1923, § 10138½bb.

The last phrase, "as the facts and law of the case may warrant," shows that Congress meant the Commissioner was to have, not the mere mandatory clerical duty of signing a permit, but the discretionary and responsible one of considering facts and law before he determined whether he would permit manufacture. If issue of the permit were mandatory on the Commissioner, why give the court jurisdiction to "affirm, modify or reverse the finding of the Commissioner as the facts and law of the case may warrant"? That the court was empowered to review the "findings of the Commissioner," and was given power to affirm, modify or reverse such findings, shows that what the Commissioner was to do was not the perfunctory signing of a formal permit, but the responsible duty of determining whether this high permissive privilege and permit should be issued to an applicant.

So holding, this appeal is dismissed, at appellant's costs, and, as the act provides for affirmative action by the court, the mandate will direct that there be added to the decree below, dismissing the bill, these words, "and the finding of the Commissioner is affirmed."