## FOX v. BLAIR et al.

District Court, E. D. Pennsylvania.  July 1, 1926.

### No. 3627.

1. **Intoxicating liquors ⬡69—Issuance of permit is not "ministerial act" only; hence applicant has no absolute right, and permit may be refused, in discretion of Commissioner (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Under National Prohibition Act (Comp. St. § 10138¼ et seq.), issuance of permit is not "ministerial act" only, and applicant has no absolute right to permit, but only the right to apply for one, which may be granted or refused by Commissioner in the exercise of a reasonable discretion.

· [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ministerial Act.]

2. **Intoxicating liquors ⬡69—Whether denial of permit was abuse of discretion is determined by whether judgment exercised by Commissioner was despotic, arbitrary, or capricious (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Under National Prohibition Act (Comp. St. § 10138¼ et seq.) test whether Commissioner's denial of permit was an abuse of discretion is whether judgment exercised by Commissioner was despotic, arbitrary, or capricious.

3. **Intoxicating liquors ⬡72—Grant or refusal of permit is reviewed as exercise of discretionary judgment, whereas revocation of permit is reviewed as judicial fact finding.**

There is a difference between the act of granting or refusing a permit and the act of revoking one, and while both are reviewable by the courts, the former is reviewed as the exercise of a discretionary judgment, but the latter as a fact finding judicially made.

4. **Intoxicating liquors ⬡72—Courts can protect only against arbitrary or capricious refusals of permits.**

Courts can afford protection only against arbitrary and capricious refusals of liquor permits.

See, also, 20 F.(2d) 235.

John W. Crolly, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.  This cause concerns itself with one phase of the enforcement of the National Prohibition Law (Comp. St. § 10138¼ et seq).  This law primarily forbids the business of selling intoxicating liquors for beverage purposes.  Alcohol is widely used for other than beverage purposes.  A supply of it must be thus obtainable.  At the same time the dangers of a diversion from a lawful to an unlawful use are manifest.  The need of strict regulation of the supply of alcohol for real or pretended lawful uses is apparent.  One regulation is that a formal permit is a prerequisite to getting a supply of alcohol, and the grant of such permits and their revocation is dealt with by the law.  The choice of the verbiage of the act was doubtless made with two policies of the law in mind.  The issue of such permits is an administrative executive act, calling for the exercise of care and good judgment.  One policy would be to commit a wide discretion to the permit authorities, and to uphold them in the honest exercise of it.  On the other hand, the use of alcohol in the arts is so widespread and so extensive that an arbitrary power to grant or withhold permits could not with safety be intrusted to any official.  This suggests the policy of granting permits subject to the power of revocation for law violations or other abuse of the privilege granted, and that the fact of violation or abuse should be

found after a hearing and upon proofs forthcoming. Due consideration of these contrasted policies likewise enters into the construction given to the language of the act of Congress. Either view may be strongly defended. One is that the permit authorities have had committed to them the exercise of a reasonable discretion in granting or withholding permits subject to review by the courts; the other is that permits may be refused only upon facts found which would support a revocation. The latter is a judicial finding. The true view is expressed in the cases of Feil Brewing Co. Case (D. C.) 2 F.(2d) 879, Ma-King Case (C. C. A.) 3 F.(2d) 936.

The latter case was pending before the Supreme Court when the instant case was argued, and disposition of the cause was agreed to be withheld until the Ma-King Case was finally determined. We are just in receipt of a copy of the opinion affirming the decree of the Circuit Court of Appeals. It will be noted that there are two questions which arise.

1. Is the issuance of a permit a ministerial act, and the permit to issue upon formal compliance with the regulation requirements, subject to revocation on proof of abuse of the privilege and after proof as provided in the act, or is the Commissioner invested with a discretionary power to issue or withhold such permit?

[1] As we read the cited cases, it has been determined that there is no right of the applicant to a permit. His sole right is to apply for one, to be granted or refused, in the exercise of the reasonable discretion of the Commissioner.

2. The second question is the very practical one of whether in this case the refusal of the permit was arbitrary, or in the exercise of a reasonable discretion, based upon facts believed to be well founded.

Counsel for the plaintiff, who has made himself master of the general subject and of his case, distinguishes the case before us from the Ma-King Case. The fact situation is, of course, not the same in all respects. We are unable to see, however, any difference which goes to the ruling to be made. In the Ma-King Case, there was room to fear that the privilege would be abused because the applicant was open to the suspicion of associating with law breakers. This, in the view of the law as declared, gave the power to the Commissioner to pass judgment upon the "qualifications of the applicant" to fulfill the calls of his permit. In the case before us the good character (so called) of the applicant is not questioned, but his business "qualifications" are seriously denied, and the finding made that there was no need in the business set forth in the application for the volume of alcohol asked to be supplied.

[2] The test, as we read the cited cases, is whether the judgment exercised by the Commissioner was "despotic, arbitrary, or capricious." If so, there is an "abuse of discretion"; otherwise, not. We would have no justification for a finding here that the discretion of the Commissioner was not exercised in good faith. Counsel for the applicant is here rearguing what was ruled in the cited cases. The view pressed upon us is that the granting or withholding of a permit is not an administrative act, guided and directed by the exercise of a reasonable discretion, but is an act following a judicial finding precisely such as is made when a permit is revoked.

[3] The real complaint is not of the Commissioner making an adverse finding, but of the finding being based upon information which came to the permit authorities from some unknown source, and not upon facts disclosed at an open hearing, such as is required in the case of a revocation. This is the very view which was presented in the Ma-King Case, and, as we read the opinions accompanying the ruling made, it has been found that there is a difference between the act of granting or refusing a permit and the act of revoking one. Both are subject to review by the courts, but the former is reviewed as the exercise of a discretionary judgment; the latter, as a fact finding judicially made.

The answer made in this case gives added emphasis to the point made. It is in effect that the refusal of the permit was based upon "information" received, which has been confirmed by "information" since received. It is urged that the practical effect of supporting this view of the act of Congress is that no one can engage in any business in which a supply of alcohol is required, otherwise than by the grace of the permit authorities, and that this power is uncontrolled, if the authorities act upon "information" which they credit, and which, if true, might move a reasonable judgment to a refusal. The plain truth, however, recognized by the Ma-King Case, is that the granting of permits is an act calling for the exercise of sound administrative judgment, and that some one must exercise it. The practical problem then becomes one of whether the permit authorities or the courts shall perform this duty.

[4] There is but one solution of such a problem, and this carries with it the practical

result that the courts can afford protection only against "arbitrary or capricious" refusals.

The motions for a restraining order and for a preliminary injunction are both denied, on the authority of the Ma-King Case.