**KALINER v. BLAIR, Commissioner of Internal Revenue et al.**

Circuit Court of Appeals, Third Circuit.
April 24, 1928.

No. 3754.

1. Intoxicating liquors ⟨⟩108(10)—On review of decision sustaining revocation of liquor withdrawal permit, court will merely determine whether revocation is unsupported by evidence, or arbitrary or capricious (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).

In suit by permittee under National Prohibition Act. tit. 2, § 9 (27 USCA § 21), to review action of prohibition commissioner revoking permit to withdraw and sell liquor, Circuit Court of Appeals, in reviewing decision of trial court will do no more than examine evidence and discover whether action of commissioner in revoking permit and action of trial court in sustaining his decision is wholly unsupported by the evidence, or is clearly arbitrary or capricious.

2. Intoxicating liquors ⟨⟩108(5)—Facts held to sustain finding that permittee was not fit person to be intrusted with privilege of withdrawing and selling liquor, justifying revocation of permit (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).

In suit by permittee, under National Prohibition Act, tit. 2, § 9 (27 USCA § 21), to review action of prohibition commissioner revoking permit to withdraw and sell liquor, facts *held* sufficient to sustain finding of commissioner that permittee was not a fit person longer to be intrusted with privilege of withdrawing and selling liquor.

3. Intoxicating liquors ⟨⟩108(5)—Prohibition commissioner's finding that permittee violated bookkeeping regulations, justifying revocation of permit, held not arbitrary or capricious (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).

In suit by permittee under National Prohibition Act, tit. 2, § 9 (27 USCA § 21), to review action of prohibition commissioner revoking permit to withdraw and sell liquor, finding of commissioner of violation of bookkeeping regulations by permittee, and that permittee had not conformed to provisions of National Prohibition Act (27 USCA) and regulations thereunder, *held* not clearly arbitrary and capricious under the evidence.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.

Suit by Max H. Kaliner, trading as the Aspen Pharmacy, against David H. Blair, Commissioner of Internal Revenue, and another. From the decree, complainant appeals. Affirmed.

Nochem S. Winnet, of Philadelphia, Pa., for appellant.

Warren C. Graham, of Philadelphia, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and BODINE, District Judge.

WOOLLEY, Circuit Judge. The complainant held a drug store permit which authorized him to withdraw and sell certain quantities of alcohol and whisky in stated periods under the provisions of the National Prohibition Act (27 USCA) and regulations of the Treasury Department. He was, of course, required by the law to observe its provisions generally and was required by the regulations particularly to keep records of all liquors withdrawn and sold and have them available for inspection by federal prohibition officers.

On authority of a search warrant, his pharmacy, located on the first floor of a building otherwise used as a dwelling was raided. The prohibition officers found under a back stairway leading from the first to the second floor a quantity of liquor which in amount and character clearly indicated that it was not covered by the permit. They examined the permittee's alcohol and whisky records and found them short one pint of whisky and four gallons of alcohol. At the time of the raid he was absent, the store being in the care of his brother.

The permittee was arrested and a citation issued charging him, first, with unlawful possession of intoxicating liquor, and, next, with failure to account for all liquor withdrawn under the permit. Two hearings were held. At each hearing the permittee produced a record different from what was found at the raid to explain the shortage. The first left a shortage of a half gallon of alcohol still unexplained; the second accounted for the entire amount. These records were of a character and were produced under circumstances that raised valid doubts as to their correctness. Evidence that the permittee's mother and brother occupied the upper floors of the house and sharply controverted evidence that he, though owning and operating the store, lived elsewhere was introduced to shift responsibility for the hidden liquor from him to his brother.

The hearer stated in his report that the testimony of the brothers was not worthy of belief and found as a fact that the permittee had failed to account for alcohol and whisky withdrawn under his permit and that he had intoxicating liquor unlawfully in his possession. The Commissioner of Internal Revenue acting on the report of the hearer revoked the permit. The permittee then filed this bill in the District Court under section 9 of title 2 of the National Prohibition Act (27 USCA § 21) for a review of the Commissioner's decision.

[1] Although the case was tried before this court's decision in Yudelson v. Andrews, 25 F.(2d) 80, it arose and was tried after the decision by the Supreme Court in Ma-King Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046; Id. (C. C. A.) 3 F.(2d) 936. The learned trial court, sensing the precise meaning of that decision, did not undertake to retry and decide the questions of fact which had been submitted to and decided by the Commissioner in administering the law, but found in almost the exact words of the decision that the record disclosed evidence which supported the Commissioner's finding and therefore justified his revocation of the permit. And so this court, in reviewing the decision of the trial court on the record showing the grounds for the report of the hearer and the decision of the Commissioner, will follow strictly the law of the Ma-King Case, as it did in the Yudelson Case, and, in the absence of any question of law, will do no more than examine the evidence and discover whether the action of the Commissioner in revoking the permit and the action of the trial court in sustaining his decision "is wholly unsupported by the evidence or [is] clearly arbitrary or capricious."

[2] Bearing on these matters there are two groups of facts, the first having to do with liquor manifestly not withdrawn under the permit and concealed not in the store but under a stairway near by and accessible to any one in the store. Whether the permittee at all times lived up stairs with his mother and whether his brother in charge of the store at the time of the raid was so related to him in business as to indicate his knowledge of and control over the hidden liquors was a question which the Commissioner had to decide in order properly to determine whether the permittee was a fit person longer to be intrusted with the privilege of withdrawing and selling liquor. Ma-King Co. v. Blair, 271 U. S. 479, 482, 46 S. Ct. 544, 70 L. Ed. 1046. The facts are, in our opinion, sufficient to sustain his finding that the permittee was not such a person.

[3] The second group has to do with the record of withdrawals and sales which under the Treasury Department the permittee was required to keep and make available to inspection. The inspection made by the prohibition officers disclosed liquor withdrawn and in part not accounted for. An analysis of the records—those first found showing a shortage and those tardily produced to explain the shortage—reveals facts which support the Commissioner's finding of a violation of the bookkeeping regulations and

sustain his conclusion that the permittee had not in good faith conformed to the provisions of the National Prohibition Act and to the regulations promulgated thereunder. Facts of this character being present, we cannot find that the decision of the Commissioner was clearly arbitrary or capricious. Ma-King Co. v. Blair, 271 U. S. 479, 483, 46 S. Ct. 544, 70 L. Ed. 1046; Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256; Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80.

The decree is affirmed.