DORAN, Prohibition Commissioner of the United States et al. v. LYKENS VALLEY ICE & BEVERAGE CO.

Circuit Court of Appeals, Third Circuit. May 23, 1929.

No. 3997.

·Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.. A. A. Vosburg. Asst. U. S. Atty., of Scranton, Pa., and J. L. Kilcoyne, of Philadelphia, Pa., for appellants.

J. W. Crolly and P. J. Friel, both of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. The Lykens Valley Ice & Beverage Company, a newly organized corporation whose capital had been contributed by three men, applied for a permit to engage in the business of manufacturing cereal beverages of less than one-half of one per cent. of alcoholic strength by the process of de-alcoholization authorized by Section 37, Title 2, of the National Prohibition Act (27 USCA § 58). The Prohibition Administrator denied the application and the District Court on the company's bill for review reversed his decision and directed that a permit be issued. The case is here on the Administrator's appeal from the court's decree.

The sole question is whether under the rule in the Ma-King and Yudelson Cases, Ma-King Products Co. v. Blair (C. C. A.) 3 F.(2d) 936; Id., 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046; Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80, there was a fact basis for the exercise of the Prohibition Administrator's discretion adverse to the application; or, stated differently, whether his decision was wholly unsupported by evidence and was therefore arbitrary or capricious.

The Hearer made five specific findings of fact, all directed to the unfitness of the corporate applicant, by reason of the personnel of its stockholders, to be entrusted with the possession of liquor avowedly for a lawful use but susceptible of diversion to an unlawful use. They were to the effect that the three persons, stockholders in the applicant corporation, are from the Hearer's personal observation while they were on the stand unfit to receive a permit; that although they

have good reputations so far as the same could be determined by the government's investigations they are not well deserved, yet there was not the slightest evidence to that effect; that two of the men are friends and associates of a person, owner of a brewery, who had been involved in a violation of the National Prohibition Act; that two are friends and associates of another person, president of another cereal beverage company, who bears a bad reputation with the prohibition department; that the men tried to deceive the Hearer in respect to the sources of the money they had invested in the enterprise; and, finally, that one of them had been brewmaster of a brewery that had violated the law, although that brewery is now and has for a long time been operating under a permit.

These findings, if supported by evidence, are clearly enough to sustain the Administrator's decision, but the learned trial judge, first stating quite correctly the rule by which his review would be governed, severally considered, discussed, and disposed of them in a way that, because of an entire lack of evidence capable of the inferences which the Hearer drew, properly decided the case adversely to the Administrator. We apprehend that the difficulty which first the Hearer and then the Administrator—with headquarters at Philadelphia—had with the testimony in respect to money saved, money carried and associates made by the three incorporators, conclusively shown to be substantial citizens of the town of Lykens, Pennsylvania, with good reputations, was largely due to their failure to understand life in a small town with its peculiar economic conditions and necessarily close personal relations of its inhabitants and to comprehend how a man on a salary of not more than $150 a month could support and raise a family of seven children yet save $15,000 in thirty years. We surmise that every small town in Pennsylvania has one or two men who have done as well, or better. Nearly all men of any prominence in a small town and in the surrounding community have daily personal contacts with one another, whether by attending the same church, belonging to the same lodge, meeting at the post office or dealing at the same store. In such a close life the fact that the incorporators of the applicant knew and were on more or less friendly terms and had had one or two dealings with some citizens of the town held in disfavor by the department was not a ground for imputing improper motives to them or for holding them untrustworthy, for everyone in a small town knows everyone else, good and bad. Nor is the fact that one of the men stated that he had kept about his person and his home a large sum of money a valid basis of a finding that he did not tell the truth about it, for, as any one conversant with small town life knows, such a practice has not entirely disappeared in country districts.

We find with the learned district judge that the Prohibition Administrator's decision refusing a permit was wholly unsupported by evidence.

The decree is affirmed.