**MUNYON REMEDY CO. v. MELLON, Secretary of the Treasury, et al.**

District Court, M. D. Pennsylvania. July 2, 1929.

No. 578.

Ralph W. Rymer and James K. Peck, both of Scranton, Pa., for complainant.

Richard Hay Woolsey, of Philadelphia, Pa., for defendants.

JOHNSON, District Judge. This is a bill in equity to review the action of the Prohibition Commissioner in revoking the permit of the Munyon Remedy Company, brought under section 5, title 2 of the National Prohibition Act of October 28, 1919 (27 USCA § 14), which, in part, provides

that: "The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant."

After taking much testimony, the hearer found that on eight different occasions, the permittee diverted quantities of whisky which had been withdrawn from bonded warehouses by the permittee under the terms of his permit. The hearer found as a fact that the permittee drew off from barrels of genuine whisky a certain percentage of whisky, which percentage the permittee diverted into unlawful channels, and that the permittee also used adulterated whisky in the manufacture of a certain tonic or medicinal preparation known as "Tona-Spaf."

This finding of fact is based upon the evidence, and the court cannot say that the action of the commissioner "is wholly unsupported by the evidence or clearly arbitrary and capricious."

Since the court finds that the commissioner based his finding of the violation of the law by the permittee upon the evidence, his action in revoking the permit must be sustained, if he has proceeded according to law.

The complainant contends that the proceeding of the commissioner is void for the following reasons: First, because the Commissioner of Internal Revenue had no power or jurisdiction to issue the citation; secondly, because the mandatory provision of the statute, requiring the immediate issuance of a citation, was not followed; thirdly, because 15 full days' notice to appear and answer the citation was not given to the complainant; fourthly, because the Prohibition Commissioner was not made a party to the action; and, fifthly, because the findings of the commissioner were arbitrary and capricious.

It is true that the Commissioner of Internal Revenue did not have jurisdiction to issue the citation, but the citation in fact was issued by the Prohibition Administrator through Warren C. Graham, legal adviser to whom the authority was delegated. The Prohibition Administrator did act immediately and issued the citation when he had reasonable ground to believe that the violation had been committed. The objection that 15 full days' notice of the hearing was not given was withdrawn at the hearing. It is not necessary that the Prohibition Commissioner be made a party to this proceeding. Ft. Edward Food Products Corp. v. McCampbell

(D. C.) 23 F.(2d) 944; also, Travis v. Jackson (D. C.) 26 F.(2d) 373. The fifth objection has already been covered and overruled; the findings of the commissioner were based upon evidence and were not arbitrary and capricious.

In Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046, it was held that: "The court does not exercise the administrative function of determining whether the permit should be granted, but merely determines whether, upon the facts and law, the action of the commissioner is based upon an error of law, or is wholly unsupported by the evidence, or clearly arbitrary or capricious."

The court cannot find that the action of the Prohibition Commissioner in revoking the permit was contrary to law or was wholly unsupported by the evidence, or that it was arbitrary and capricious, and the action of the commissioner must therefore be sustained.

And now July 2, 1929, the court finds that there has been no error of law and no abuse of the discretionary powers of the Prohibition Commissioner in revoking the permit, and the bill is accordingly dismissed.