**WYNNE et al. v. MELLON, Secretary of the Treasury, et al.**

No. 4223.

Circuit Court of Appeals, Third Circuit.

Aug. 27, 1931.

Lee P. Stark, of Scranton, Pa., for appellants.

Ralph W. Rymer and James R. Peck, both of Scranton, Pa., for appellant Munyon Remedy Co.

Chas. F. Phillips and Richard Hay Woolsey, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court affirming the revocation of the permit of the Munyon Remedy Company to withdraw and use alcohol in the manufacture of a preparation called "Tona-Spaf." 33 F.(2d) 999.

The evidence tends to show, and we think is sufficient to support, the finding made by the hearer that the permittee on a number of occasions withdrew genuine, unadulterated whisky from bonded warehouses, as it had the right to do; that certain quantities, varying from 25 to 50 per cent., of this whisky were drawn off from the barrels in which it was contained; that the barrels were then filled with a mixture of grain alcohol, water, and coloring matter resembling whisky; that the whisky so adulterated was used by the permittee to manufacture his medicinal preparation of "Tona-Spaf," and the genuine whisky which had been withdrawn from the barrels was diverted by the permittee into unlawful channels for unlawful purposes.

It was not denied that the whisky was withdrawn and adulterated, but the permittee says that it was not withdrawn and adulterated while in its possession. The storekeeper-gauger stationed at the distillery testified that he proofed and gauged the whisky at the time of its withdrawal from the distillery and that it was genuine, unadulterated whisky at that time; that he had possession of the whisky from the time it was withdrawn and gauged until it was delivered to the express company, whose employees said that it was not "tampered" with or adulterated while in their possession during transportation to the permittee; that samples of the whisky taken from the barrels immediately after delivery to the plant of the permittee were pure and unadulterated, but those taken from whisky which had been in permittee's possession for several days were found to be adulterated.

The hearer found as a fact that the permittee withdrew the genuine whisky from the barrels, adulterated it, then used the adulterated whisky in manufacturing "Tona-

Spaf" and diverted the whisky which had been withdrawn into unlawful channels. The complainants are receivers of the Munyon Remedy Company, the permittee. They say in their brief that "there certainly appears in the testimony no overwhelming proof of guilt of the complainants." But "overwhelming proof" is not required. Section 9 of title 2 of the National Prohibition Act (27 USCA § 21) requires the Commissioner personally or through his proper subordinate officers to issue a citation to revoke a permit immediately after he has reason to believe that the permittee is not in good faith conforming to the provisions of the act, and the law requires that the Commissioner in revoking a permit should not act arbitrarily or capriciously. Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80; Kaliner v. Blair (C. C. A.) 26 F.(2d) 46, 48; Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046. The findings of the hearer were neither arbitrary nor capricious. The evidence justified his conclusions and the revocation necessarily followed.

The complainants say that they are not here raising an issue on the merits, regardless of what they may be, but that for technical reasons the revocation of the permit cannot be sustained.

■ One of the grounds upon which they rely is that at the time the Commissioner of Internal Revenue, who issued the citation and rule to show cause, revoked the permit, he had no authority to do so for the reason that the Act of March 3, 1927 (44 Stat. 1381 [5 USCA §§ 281, 281a, 281b, 281c, 281d, and 281e]), took from him all power and jurisdiction in revocation proceedings and conferred them upon the Secretary of the Treasury and authorized him in turn to confer them upon the "Commissioner of Prohibition," which he did. This act created a "Bureau of Prohibition" and provided that the "Commissioner of Prohibition shall be at the head of the Bureau of Prohibition." The act took effect April 1, 1927, and so had been in effect nearly six months when the citation in this case was issued on September 28, 1927.

The record establishes that the citation as a matter of fact was issued by Warren C. Graham, Legal Advisor to Samuel O. Wynne, Federal Prohibition Administrator for the Fifth District. It was, however, alleged in the bill that the citation was issued by the Commissioner of Internal Revenue, through Warren C. Graham, Legal Advisor, and objection was made on that ground to proceeding with the hearing; but when this was shown not to be in accord with the facts, the objection was withdrawn and the hearing proceeded. When the case came before the District Court for review, the question was raised that the answer admitted that the citation was issued by the Commissioner of Internal Revenue. Thereupon the defendants asked leave of the court to amend the answer to correspond with the fact, as established by the record, that the citation was issued by Warren C. Graham, as above stated. This request seems not to have been directly acted upon, but in his opinion, Judge Johnson stated that, "The citation in fact was issued by the Prohibition Administrator through Warren C. Graham, Legal Advisor, to whom the authority was delegated."

Pursuant to the powers vested in the Secretary of the Treasury, he conferred upon the officers and employees of the Bureau of Prohibition rights and powers relating to the enforcement of the Eighteenth Amendment as follows: "There are hereby conferred and imposed upon the officers and employees of the bureau of Prohibition, including agents, inspectors and other employees in the field service of the Bureau of Prohibition, all the rights, privileges, powers, and duties conferred or imposed upon the assistants, agents, and inspectors of the Commissioner of Internal Revenue and which are transferred to and conferred and imposed upon the Secretary of the Treasury by subdivision (a) of section 4 of the above act of March 3, 1927, (1) by any law in so far as such rights, privileges, powers, and duties relate to any of the matters referred to in paragraph (2) of Section IV of this order, or (2) by any law referred to in paragraph 1 of Section IV of this order." One of the powers authorized by the statute and conferred upon the employees of the Bureau of Prohibition was the power to issue citations. By virtue of the power thus conferred, Warren C. Graham, vicarious agent of the Commissioner of Prohibition, officer and employee of the Bureau of Prohibition and Legal Advisor to the Prohibition Administrator, issued the citation and rule to show cause in the case at bar for the Administrator, and we think that he had legal authority so to do. Fort Edward Food Products Corporation v. McCampbell (D. C.) 23 F.(2d) 944; Travis v. Jackson (D. C.) 26 F.(2d) 373, 375. The cases of Bay State Wholesale Drug Co. v. Potter (D. C.) 277 F. 529 and Alcohol Warehouse Corporation v. Canfield (C. C. A.) 11 F.(2d) 214, upon which the complainants rely, which hold that the Commissioner of Internal Revenue was not a proper party, were

decided before the Act of March 3, 1927, authorizing the Secretary of the Treasury to confer the power herein questioned upon the officers and employees of the Bureau of Prohibition, and so they are not applicable to the facts in the case at bar.

The complainants say that the revocation cannot be sustained because proceedings to revoke were not begun immediately after the Commissioner had reason to believe that the permittee was not in good faith conforming to the provisions of the act; that seventy-two days elapsed after the last act upon which the Commissioner relies before proceedings were started to revoke the permit which was not "immediately" as the statute requires.

The act requires the Commissioner to proceed immediately when and only when he has reason to believe that the permittee is not in good faith conforming to provisions of the act. The commission of the act showing bad faith may take place long before it becomes known to the Commissioner or before he can adequately investigate it and be in possession of substantial facts as a basis for his "reason to believe" that the permittee is not acting in good faith. The Commissioner must proceed immediately *after he has reason to believe,* whether it be immediately or long after the act is done. But they do not show when knowledge of the adulteration and diversion came to the Commissioner or when his reasonable investigation was completed, but assume that it was at the time or immediately after the acts were committed. There is no proof, however, of this. On the contrary, the appellees say: "In this case a considerable time was required in making the investigation necessary after the discovery of the adulterated whiskey in the possession of the permittee. Chemical analysis had to be made; investigations at the two distilleries involved were required; investigations respecting employees of the Express Company were necessary; and the evidence shows that the investigations were not even completed at the time of the issuance of the citation."

The Commissioner cannot issue a citation to the permittee on every mere suspicion or rumor. He must investigate reports of the misconduct of the permittee with due diligence in order to ascertain whether or not they are substantial or merely capricious. While the statute requires the Commissioner to issue a citation to the permittee immediately after he has reason to believe he is not in good faith conforming to the provisions of the

act, yet it will not deny him sufficient time within which to make such a fair and honest investigation as will enable him to determine whether or not there is reason to believe that the permittee is not acting in good faith. We cannot say the investigation, which was not completed when the citation was issued, was unreasonably delayed.

Accordingly, we cannot say that the Commissioner did not comply with the requirements of the statute when he issued the citation, and so the decree of the District Court is affirmed.