**BARRETT v. WYNNE, Sup'r of Permits.**

No. 896.

District Court, M. D. Pennsylvania.

July 13, 1932.

P. J. Friel, of Philadelphia, Pa., for plaintiff.

Richard Hay Woolsey, of Philadelphia, Pa., for defendant.

WATSON, District Judge.

A permit to operate a brewery in Pittston, Pa., was granted to the plaintiff, which permit extended to December 31, 1931. The plaintiff made application for a renewal permit for the year 1932. The supervisor of permits refused the permit to the plaintiff, who has filed a bill in equity alleging that the refusal was arbitrary and capricious and prays that the court review and reverse the findings of the supervisor, and that the defendant be restrained from interfering with the permit privileges of the plaintiff, and that the defendant be ordered and directed to issue to the plaintiff the permit applied for.

The supervisor found that the control of the operation of this brewery had passed from the plaintiff into the hands of either P. F. Joyce and Israel Lieber or Max Hassell and Albert Waxler (alias "Waxey Gordon"); that Joyce owns a majority of the stock in the corporation which holds title to the brewery property; that Joyce formerly held a permit to operate this brewery, but lost it because of violations of the law; that Hassell, Lieber, and Gordon are notorious violators of the prohibition laws; that they were frequently seen at the brewery;

that new and expensive equipment was brought to the brewery, which Barrett attempted to conceal from the inspectors; that, for a time, the pay roll was met by Lieber; and that coincident with the arrival of the new régime an astounding increase in the output of the brewery's cereal beverage took place.

After careful examination of the evidence before the hearer, I conclude that the supervisor was correct in his findings.

The supervisor concluded that Barrett's connection with the application was merely nominal, and that, if a permit were granted him, the brewery would be operated by either Joyce, Lieber, Hassell, or Gordon.

It was honestly believed by the supervisor that the plaintiff was not a person to whom a permit could be safely intrusted, and from the evidence he was justified in this belief.

■ The supervisor is responsible for law observance by permittees, and, because of this, he is given the lawful power to exercise an honest judgment in respect to who may, and who may not, be safely intrusted. It is manifestly not in accordance with the declared policy of the law for the courts to force upon a supervisor a permittee to whom the supervisor honestly believes a permit cannot safely be intrusted.

■ The applicant must show a case which is bona fide in all respects, and in this the applicant has failed. In Yudelson v. Andrews, 25 F.(2d) 80, 82, the Circuit Court of Appeals, Third Circuit, speaking through Judge Woolley, said: "The applicant must therefore show not a right to a permit but valid reasons for a grant of the privilege of a permit, among which may be his fitness to handle liquor and his business need for liquor. He must, of course, present a situation which in all respects shows bona fides."

■ The association of the applicant with persons of bad repute is evidence of bad faith in making the application. In Ma-King Products Company v. Blair, 3 F.(2d) 936, 937 (Circuit Court of Appeals, Third Circuit), it was held: "After an examination of the proofs in the case we are of the opinion the associations and business connections of Bogash and Klutsch, the principal officers of this company, were such that the Commissioner had ample ground for declining to issue the company the permit. The holder of such a permit is intrusted by the government with a power which subjects him to the approaches and bribes of law-breakers, and where, as in this case, the business associations of applicants have been with men whose conduct has already invited prohibition prosecutions against them, it goes without saying that the Commissioner would have been derelict in duty in granting them a permit."

Under all the circumstances, the action of the supervisor in refusing the application for a permit was not arbitrary or capricious. He was fully justified in refusing to grant the permit.

Now, July 13, 1932, the findings of the supervisor are affirmed, and the bill is dismissed.